## ROGERS *v.* THE STATE.

1. The law confers upon the trial judges a discretion in granting or refusing new trials in cases where the verdict is alleged to be contrary to evidence or without evidence to support it, and imposes upon them the duty of exercising this discretion. This court will not allow a conviction of a crime founded upon weak, unsatisfactory and doubtful evidence to stand, when the record discloses strong reason for believing that the judge below was not himself fully satisfied with the finding of the jury.

2. The evidence in the present case was of the character above indicated; and that the trial judge must have been of this opinion is evidenced by the following language in the order overruling the motion for a new trial: "There probably being sufficient evidence to authorize the verdict of the jury, the motion is overruled and a new trial refused."

Argued May 17, — Decided June 11, 1897.

Indictment for assault with intent to rape. Before Judge Hutchins. Gwinnett superior court. March term, 1897.

The crime was alleged to have been committed upon a child shown by the testimony to be nearly five years old. The motion for new trial was on the general grounds. The only testimony was that of the father of the child. On the day alleged, he passed his lot going to his house about 60 yards

distant, and saw defendant in the lot and the child on the lot fence. Returning shortly afterwards, he heard the child, from inside of a cow-stall at the back of a stable, tell defendant to let her loose. Defendant was blowing a harp. When witness reached the side of the stable-door he saw defendant on his knees, and holloed, but defendant did not get up; witness holloed the second time, having then come closer, and saw defendant with his right hand holding the left arm of the child. He turned her loose, and witness saw her clothes drop down. He had to go thirty steps to get into the gate, and as he came to the stable defendant came out buttoning up his pants. Witness seized a strip of wood and broke it on defendant's head. He ran away into the woods, and the sheriff arrested him that night. Witness heard the child say, "Turn me loose," two or three times. She and defendant were right by the side of the door when he saw her clothes drop down. Defendant knew the place, and stayed there nearly all of the year before the trial. When witness first passed going to the house, defendant said something about cleaning out his lot, but witness was in a hurry and did not pay much attention. The first he saw and heard on returning towards the stable was the playing of the harp, and the child making a noise as if trying to get away from him; did not understand what she said; did not see her till he let her loose.

In his statement the defendant claimed that he went into the stable and let down his breeches to relieve himself; that the child followed him, saying she wished to do the like, and asking him to unbutton her drawers, which he refused to do, and told her to get her mother to do it; and that about that time the prosecutor came along and saw her holding up her clothes. Defendant disclaimed any intention of committing the crime charged; and mentioned other circumstances as existing, which were denied by the prosecutor in rebuttal.

*L. F. McDonald*, for plaintiff in error.

*C. H. Brand, solicitor-general*, contra.

Cobb, J. Applications for new trials on the ground that the verdict of the jury is contrary to evidence are addressed to a sound legal discretion to be exercised by the trial judges.

When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere where there is any evidence which would justify the jury in reaching the conclusion which is set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case as on appeal, would render here a different judgment, still under the established practice of this court as required by the law of this State, we can not overrule a trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. · The wisdom and discretion of the trial judge is sufficient for us to endorse his judgment in cases of this character; but where it appears from the record that the evidence is of the character named, and that the trial judge must have been of the same opinion, and where it further appears that he is himself not entirely satisfied with the verdict, no course is left open to us except to send the case back for a rehearing before another jury, that the trial judge may satisfy himself as to the propriety and justice of the finding. If the verdict in this case had been approved by the trial judge, it may be that we would have felt constrained to have affirmed the judgment, but as the record shows that this is not so, we feel equally constrained in the interest of justice to give the accused another hearing.

*Judgment reversed. All the Justices concurring.*