## HENDRICKS, executor, *v.* SOUTHERN RAILWAY CO.

1. An action for damages was brought against a railway company on the ground that a house located near the railroad track was set on fire by sparks negligently emitted from an engine pulling one of the defendant's trains. A verdict was rendered in favor of the plaintiff, and on motion a new trial granted. On a second trial a verdict was again rendered for the plaintiff, for a slightly smaller sum. A second motion for new trial was made, and, upon the hearing before a different judge from the one who presided at the trial, it was granted. The motion contains no grounds assigning error in rulings of the court which would authorize a new trial, and the evidence was sufficient to sustain the verdict. *Held*, that the verdict should have been allowed to stand, and the grant of a second new trial was error.

2. The will of a married woman named her husband as executor, "with full and ample power to take charge of her entire property, personal and real, to manage it as in his discretion seemed best to him, to sell and convey and reinvest the proceeds of any sale made in both personalty and realty as he deemed best; and all sales of both personal and real property to be solely in the discretion of her said executor at private or public sale, or in such manner and on such terms as he saw fit to adopt relative to any and all her property, without any order from the court of ordinary for such sale or reinvestment; that her said executor was to be left, in the management of her said estate, to his own discretion, and should not be compelled to make returns of his acts and doings in the premises, she reposing entire confidence in his judgment and discretion to manage the property for the best interest of his and her children, without any interference by the court or orders and directions therefrom; she therefore gave him [power] to manage without restrictions all her said property, leaving it with him when and where to divide it out among their children, or to keep it together as long as he lived, or until the youngest child became of age, before any division thereof; or to make provision earlier or at any time that he saw fit and in the manner that he thought best; that her said executor should not be made to account for the management or disposition of her property or the proceeds thereof, but should have absolute and untrammelled control of her entire estate during his life without liability therefor; and at his death the estate then in his hands should be divided equally between his children, share and share alike; but should the said executor make any advances to any child during his or her life as part of his or her said child's distributive share in the estate of testator, then such advances so made shall be accounted for by such child in the distribution among the children of testator." *Held*, that this provision did' not vest the legal estate at once in the husband individually. The executor had the right to keep 'the estate intact and manage it at least until the youngest child became of age; and for the negligent destruction of property forming a part of such estate during that time he could sue as executor.

3. On the trial of an action based on the contention that property was negligently set on fire by sparks emitted by a railroad engine, it being in controversy whether the engine was properly equipped and handled, evidence tending to show that on that day, and near the time of the alleged burning,

the same engine threw out sparks and cinders which set fire to grass along the right of way of the railroad at two different points, was admissible.

Argued May 25,—Decided June 15, 1905.

Action for damages. Before Judge Roberts. Pulaski superior court. December 27, 1904.

*W. L. & Warren Grice*, for plaintiff.
*DeLacy & Bishop*, for defendant.

LUMPKIN, J. T. R. Hendricks, as executor of his deceased wife, brought suit against the Southern Railway Company, to recover damages for the burning of a house and contents located near the right of way of the railway, and which it was alleged were set on fire by sparks or cinders carelessly thrown from one of its engines. The defendant denied the allegations of the 'declaration that the fire was caused by its engine, and that there was negligence on its part. Two verdicts were found in favor of the plaintiff. A second motion for new trial was made, containing fourteen grounds. But we think that none of them authorized the verdict to be set aside.

Among these grounds was one complaining that the court held, that, under the will of Mrs. Hendricks, the substance of which is set out in the second headnote, the executor had the right to keep the estate intact until the youngest child became of age; and that the executor consequently had the right to sue for an injury to the property resulting from a negligent tort. In this we think he was right.

There was conflict in the evidence as to whether the fire was the result of sparks or cinders thrown off by the defendant's engine. A witness testified that when the engine which it is claimed emitted sparks passed a place about four and a half miles from the place of the burning, it was throwing out sparks which set fire to the grass along the right of way. Another witness testified to a similar state of facts at a place about five miles from the point where the plaintiff's house was burned. The latter witness stated that he saw grass on fire about seventy-five or eighty feet from the railroad, and that it began to burn as soon as the train passed. A third witness testified that the engine emitted cinders and sparks as large as a man's thumb, and in considerable quantities; that they remained red hot until they fell to the ground and fired the grass along the right of way.

Evidence was introduced on behalf of the defendant to show that the engine was properly equipped with a spark-arrester which was in good condition. Its boiler inspector testified that the meshes or holes in the netting on this locomotive were three sixteenths of an inch in size; that if smaller holes were used it would clog the engine and prevent the necessary draft; and that if the netting was all right, nothing larger could pass through. On cross-examination he testified that a spark larger than a pencil could not pass through the spark-arrester, and that "if an engine had thrown out sparks larger than that cedar pencil and thrown them from sixty to eighty feet, and they stayed alive until they got on the ground, such an engine could not have been equipped with a first-class spark-arrester." The plaintiff did not, therefore, rely upon a mere presumption arising from proof of injury, but introduced additional evidence bearing on the question of negligence. It was not only admissible; it was very material. A careful examination of the record discloses no reason why this second verdict should have been set aside. See *Brown* v. *Benson*, 101 *Ga.* 753; *Central Ry. Co.* v. *Trammell*, 114 *Ga.* 312.

*Judgment reversed. All the Justices concur, except Simmons, C. J., absent, and Evans, J., disqualified.*