4907. HARVEY *v.* ROME SCALE & MANUFACTURING CO.

The allegations of the petition were substantially **proved as laid,** and it was error to grant a nonsuit.

DECIDED OCTOBER 7, 1913.

Action for damages; from city court of Floyd county—Judge Reece. March 18, 1913.

*Eubanks & Mebane,* for plaintiff.
*Dean & Dean, J. M. Hunt,* for defendant.

HILL, C. J. Nolan Harvey sued the Rome Scale & Manufactur-

ing Company for damages on account of personal injuries. At the conclusion of the evidence in his behalf, the trial judge awarded a nonsuit; and this is the error complained of. The plaintiff was employed as a helper by the defendant, and, while helping a blacksmith at the forge in the defendant's shop, his eye was injured by a piece of metal flying in it. In the petition he alleges, as the specific cause of the injury, that the blacksmith whom he was helping struck with a hammer a piece of iron on the anvil, "and, as he did so, a piece of iron chipped or peeled from said hammer, said piece of steel being about the size of a shot, with rough and ragged edges, and same flew into the right eye of petitioner, going completely through the eye-ball and lodging at the base of the eye, and destroying the sight thereof." He alleged that the "hammer was defective, and not sound, nor was the same fitted for said work, for the reason that said hammer was brittle, fragile, and unstable, and, when same came in contact with hard substances would break, scale, and peel off as said hammer did on said occasion; all of which was unknown to petitioner before said injury, and all of which was known to the defendant or should have been known, and of which the defendant could have known by the use of ordinary care."

The burden was on the plaintiff to establish that the injury complained of was caused as alleged in the petition, and it was distinctly alleged, as above stated, that a piece of iron chipped or peeled from the hammer when it struck the metal on the anvil, and that this piece of iron flew into the right eye of the petitioner, causing his injury. In support of this allegation he testified as follows: "While I was holding it there [meaning a wrought-iron cuff] and he [the blacksmith] was hammering, when he struck, a piece flew off of something and hit me in the right eye and knocked me over backwards. I could not tell at that time what it flew off from, but we looked at the hammer afterwards and saw it was chipped off. I did not look at the piece of iron he was hammering afterwards to see if it came off of it. I saw the piece that came out of my eye, and it could not have come off of it. It came off of something in a round circle, showed where it had sloughed out of the side of something; could not have come off of the piece of iron he was striking, because the piece of iron was not in a round circle. . . When I examined that hammer the appearance of

the face of that hammer was this: Around the edges of that hammer it was chipped off, little pieces all around the edges of it, in several places, all around the edges, in a kind of brittle-looking state. The piece that came out of my eye compared with the face of that hammer in this, that one side was rounding and the other was rugged, just like if it had been chipped out of something." From this evidence the jury were authorized to infer that the piece of iron came from the hammer, and not from the iron or anvil. Although the evidence is not clear and distinct on the point, it nevertheless makes a question for the jury, and could not have been determined as a matter of law.

The next question arising is whether the hammer was defective in the manner alleged. Several witnesses in behalf of the plaintiff testified that the hammer was defective. It is fundamental that one of the non-delegable duties of the master is to exercise reasonable care in furnishing safe instrumentalities with which his employees or servants are to do the work required of them. Under the evidence in the present case it was issuable whether this duty had been fully performed by the master.

It was also urged by learned counsel for the defendant that the judgment granting a nonsuit was proper because the evidence showed that the blacksmith and the plaintiff were fellow servants, and that the injury was due to the negligence of the blacksmith in striking the anvil instead of the hot iron. If the evidence conclusively showed that the injury was caused by negligence of a fellow servant, the contention would be sound, but there are circumstances from which the jury might reasonably have inferred that the fault was in the defective condition of the hammer, or in the defective material of which the hammer was made, and that but for these defects, one or both, the injury would not have occurred. These are matters for determination by the jury.

After giving the case a careful consideration, we have come to the conclusion that the plaintiff proved prima facie the allegations of his petition, and therefore that he should not have been nonsuited. This case differs from that of *Georgia R. Co.* v. *Nelms,* 83 *Ga.* 70 (9 S. E. 1049, 21 Am. St. R. 308), in that the defects complained of in the present case were not latent and not in a hammer apparently sound. According to the plaintiff's allegations and evidence, the defects were such as the master could have discovered in the use of ordinary care, by inspection. *Judgment reversed.*