## 5609.   ROME SCALE MANUFACTURING CO. *v.* HARVEY.

1. When the trial judge has really exercised his discretion in passing upon a motion for a new trial, the reasons which influence him in giving direction to the case are usually unimportant to the court of review. "It is prima facie to be presumed that a trial judge has exercised his discretion, when he grants or refuses a motion for a new trial;" and the judgment upon such a motion can not be impeached by statements of the presiding judge not contained in the order overruling or granting the motion. The fact that it is recited in the bill of exceptions that the judge, in passing upon the motion, orally stated that he did not feel that he should grant a new trial, in view of the fact that the Court of Appeals had reversed his decision of nonsuit on a former trial, does not affect the case nor authorize the conclusion that the discretion of the trial court was not exercised, when the order overruling the motion for a new trial contains nothing to indicate that the judge was dissatisfied with the verdict, or that he failed to exercise his discretion, as required of him by law.
2. The decision of this case is controlled by the ruling in *Harvey* v. *Rome Scale & Manufacturing Co.*, 13 *Ga. App.* 571 (79 S. E. 487).
3. Though there was evidence which would have warranted a finding for the defendant, there was some evidence to authorize the verdict in favor of the plaintiff; and since there is no substantial complaint other than that the plaintiff failed to sustain his case by a preponderance of evidence, it was not error to refuse a new trial.

DECIDED NOVEMBER 17, 1914.

Action for damages; from city court of Floyd county—Judge Reece. February 18, 1914.

*Dean & Dean,* for plaintiff in error. *Eubanks & Mebane,* contra.

RUSSELL, C. J. When this case was heretofore before this court (*Harvey* v. *Rome Scale Manufacturing Co.*, 13 *Ga. App.* 571, 79 S. E. 487), we reversed the judgment of nonsuit, and held that there were circumstances from which a jury might reasonably infer that the injury in question was due to the defective condition of the hammer, or of the material of which it was made, and that the defects were such as could have been discovered by the master's inspection, in the use of ordinary care. On the trial now under review the jury returned a verdict in favor of the plaintiff, for $2,000; and the defendant excepts to the refusal of its motion for a new trial. The learned and indefatigable counsel for the plaintiff in error insists that "it would be a gross wrong to permit this verdict to stand, particularly in view of the fact that the trial judge on the motion for new trial, as shown by the record in this case, failed to exercise that judicial discretion, in passing upon the evidence in the motion for a new trial, imposed upon him by the law." After a very painstaking review of the evidence we confess that we do not feel that satisfaction with the finding of the jury which we sometimes entertain as to verdicts amply supported. However, while the trial judge is clothed with a wide discretion in reviewing the evidence, this court has no discretion to set aside a finding supported by *some* evidence, and can not hold that the verdict is contrary to law, on account of the lack of evidence, unless it is entirely unsupported by proof. The discretion of the trial judge in the first grant of a new trial is, under the rulings of the Supreme Court, practically boundless and uncontrollable, when there is any conflict in the evidence.

1. If the trial judge in the present instance failed to exercise his judicial discretion, of course the judgment refusing a new trial should be reversed upon that ground. An inspection of the order of the judge, however, does not disclose that his discretion did not operate fully in the ruling upon the motion. There is nothing in the body of the order overruling the motion to indicate his disapproval of the decision reached. The order merely says: "After argument, this motion for a new trial is overruled and a new trial refused. February 18, 1914." In *Merchants & Miners Transportation Co.* v. *Corcoran*, 4 *Ga. App.* 654 (62 S. E. 130), this court had, at a previous term, reversed the judgment of the learned trial judge of the city court of Savannah in awarding a nonsuit. A sec-

ond trial there resulted in a verdict in favor of the plaintiff, and the defendant's motion for a new trial was overruled. Accompanying the order refusing a new trial in that case was a written opinion of the judge, explaining his reasons for the judgment overruling the motion for new trial, and stating that the testimony was about the same as when the case was nonsuited ("the law and facts are about the same"), and that he was of the opinion that he should allow the Court of Appeals to review the whole case again, without any reference to what he thought about the case. In that case we held that "it would never do to hold that the solemn judgment of a court can be impeached by, the oral statements of the presiding judge, in which he may give utterance to the views which influence him, sometimes for the satisfaction, and sometimes to the dissatisfaction of counsel in the case. . . The reviewing court is not concerned with the extrajudicial reasons which impelled the judge to decide; the only question is, did the judge ·decide and thereby exercise his discretion, which is nothing more or less than the exercise of his right to legally determine between two or more courses of action. If he exercised his right of choice, after full consideration, the judicial discretion has been exercised, whether it has been exercised wisely or not." See also *City of Atlanta* v. *Brown,* 73 *Ga.* 630.

In determining whether the judge has exercised his discretion or not, the rule seems to be that a reviewing court can not go beyond the contents of the order or judgment, in the rendition of which, it is alleged, there was a failure to exercise discretion. The case at bar is distinguishable from those of *Central Railway* v. *Harden,* 113 *Ga.* 453 (38 S. E. 949), *Thompson* v. *Warren,* 118 *Ga.* 644 (45 S. E. 912), *Rogers* v. *State,* 101 *Ga.* 561 (28 S. E. 978), and *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606) ; in all of which cases the judge's order itself gave evidence that his discretion had not been exercised. As to the point now before us the case at bar differs from *Corcoran's* case, supra, only in the fact that it is recited in the bill of exceptions in the case sub judice that "after argument of counsel the court considered said motion, and stated, before and after the time of passing the order thereon, that he felt that no matter what his individual opinion might be with reference to the sufficiency of the evidence to support the verdict, he did not feel that he should grant a new trial,

in view of the fact that the Court of Appeals had reversed his judgment of nonsuit on the former trial." Since the ruling in *Corcoran's* case, supra, the point was distinctly passed upon in the case of *Frank* v. *State,* 141 *Ga.* 243 (19), 247 (80 S. E. 1016), in which the remarks of the presiding judge, which it was insisted implied failure to exercise judicial discretion, were incorporated in the bill of exceptions as in the present case; and the Supreme Court held that "When the order overruling a motion for new trial contains nothing to indicate that the judge was dissatisfied with the verdict, or that he failed to exercise the discretion required of him by law, the Supreme Court will not, in determining whether the judge has exercised such discretion, consider oral remarks made by him pending the disposition of the motion." As was said in *Corcoran's* case, supra, "If the presiding judge were to give frank and full utterance to his thoughts in every case in which he rendered a judgment, it would be found that in perhaps a majority of the judgments rendered both doubt and reluctance prevail. If the doubt of the judge, or even his personal opposition, appears in the order passing upon the motion for new trial, it may then be considered that the court has not exercised its discretion" "Even when the judge gives expression orally to disapproval of a verdict, and does not incorporate it in his final judgment, it is not to be held that this indicates that there was not finality and exercise of discretion; it will be treated merely as indicating that the final decision was not reached without difficulty." See also *Belmas* v. *State,* 15 *Ga. App.* 288 (82 S. E. 819). The judgment in the present case, though brief, is unequivocal, and contains no reference to any doubt or misgiving, or any unwillingness to award the judgment which was rendered.

2. We fully agree with learned counsel for plaintiff in error that as to courts which are clothed with the discretion to review the facts, there is a broader field for the exercise of discretion in passing upon a motion for new trial than in determining a motion to nonsuit. The mechanical process of nonsuit, by which "the case is chopped off" as a matter of law, ought not to be applied when the jury, from the facts proved, or from reasonable deductions which may be legitimately made by them might find issue in favor of the plaintiff; and the judgment of this court reversing a judgment of nonsuit does not necessarily adjudicate that the plaintiff is entitled

to recover upon the facts alleged. As was said by this court in *Pendleton* v. *Atlantic Lumber Co.*, 3 *Ga. App.* 714 (60 S. E. 377): "The grant of a nonsuit is a matter of law. The grant of a new trial is [usually] discretionary. A nonsuit should not be granted if the plaintiff has proved his case as laid, even though in the same case a new trial might very properly be granted." While we held, as a general rule, that refusal to award a nonsuit does not necessarily imply that a recovery by the plaintiff is inevitable, still, in the case at bar, all of the legal questions determinative of the rights of the parties were adjudicated when the case was here before (13 *Ga. App.* 571, 79 S. E. 487), and the law of the case being fixed, nothing remained but a naked issue of fact for the determination of the jury, and of the trial judge upon review.

3. That the learned counsel for plaintiff in error recognized this to be the case is fully apparent from the fact that the various grounds of the amendment to the motion for a new trial are but amplifications of the general ground that the verdict is contrary to the evidence. With remarkable ingenuity every phase of the testimony is analyzed by these additional assignments of error. After all, however, these assignments were necessarily addressed to the discretion of the trial judge, since a careful review of the record shows that the plaintiff testified that a minute portion of the hammer entered his eye and destroyed his sight. There is proof that the hammer chipped, and was defective, and that it was furnished by the master, who was chargeable with the duty of inspection. It matters not that there is other testimony indicating that a flake from the hammer could not have gone toward the plaintiff, or that much of the testimony seems to show that the plaintiff was probably injured by a flake from the hot-iron; all of these questions were for determination by the jury, and their finding precludes any adjudication upon the facts by us.

So far as this court is concerned, a verdict is established by the preponderance of the evidence when there is testimony in the record supporting the finding of the jury, no matter how overwhelming may be the mass of testimony to the contrary. Even before the jury, the preponderance of the evidence is not dependent upon the number of witnesses. In the present case the plaintiff swore unequivocally that he compared the small piece of metal which was taken from his eye with the chipped places on the face of the ham-

mer, and that it corresponded therewith. In view of other evidence in the case, if the jury believed this statement, the plaintiff was entitled to recover.

The trial judge, upon the first grant of a new trial, can appraise the credibility of the various witnesses. This court has no such power.          *Judgment affirmed. Broyles, J., not presiding.*