9571, 9591.    PARK, receiver, *v.* FIRST NATIONAL BANK OF

BLAKELY *et al.;* and *vice versa.*

JENKINS, J. 1. The evidence in this case is substantially the same as that submitted at the former trial, with the exception that on the second trial the defendant introduced its agent and its attorney, who gave testimony in its behalf. Upon the former trial a verdict was directed in favor of the plaintiff receiver. Upon the second trial the jury rendered a verdict in favor of the defendants, First National Bank of Blakely, nominal party, and the Birmingham Fertilizer Company. Upon the former writ of error it was held by this court, as the law of the case, that before the plaintiff could regain possession of the collateral notes which the bank had hypothecated with the defendant Birmingham Fertilizer Company, in order to secure its previously issued cashier's check, it was incumbent on the plaintiff to show that the bank, of which the plaintiff is now the receiver, had made the transfer of the collateral notes at a time when it was insolvent, or that

the assignment was made in contemplation of insolvency, and that it was made with intent to create a preference, and also that the Birmingham Fertilizer Company was not an innocent purchaser for value, without notice or knowledge of the bank's condition. *First National Bank of Blakely* v. *Park*, 20 *Ga. App.* 42 (92 S. E. 350). The effect of this ruling was to eliminate the other contentions now relied upon by the plaintiff receiver, relating to the illegality and invalidity of the cashier's check, and the invalidity of the subsequent collateral assignment, other than for the causes named. Without going into a separate discussion of each of the thirty-six special assignments of error set forth in the amended motion for a new trial, twenty-two of which relate to the court's refusal to charge as requested, and eight to certain portions of the charge as made, it can be generally stated that the special assignments not herein specifically referred to are thought and held to be without merit, for the reason that they do not take into account the law of this particular case as it was settled and determined by the previous ruling referred to.

2. The 27th and 28th grounds of the motion, relating to the exclusion and admission of testimony, are without substantial merit. The principles embodied in the requests to charge, as set forth in grounds 22 to 26 inclusive, were sufficiently covered by the general instructions. This applies also to the failure to charge as complained of in the 39th ground.

3. The record shows that the cashier's check was issued to the defendant, Birmingham Fertilizer Company, by the Bank of Blakely on May 1, 1915, and that the collateral notes which were assigned to secure it, and for the recovery of which this suit was brought by the bank's receiver, were subsequently hypothecated with defendant on May 13. The Bank of Blakely went into the hands of a receiver on June 7, 1915. Grounds 32, 33, 34, 37, and 38 of the motion for a new trial assign error upon the court's instruction to the effect that before a recovery could be had, it was necessary for the plaintiff receiver to show that the Bank of Blakely was insolvent at the time the cashier's check was issued. This instruction not being in harmony with the law of the case as laid down in the previous ruling, the grant of a new trial is necessitated. The issue as to insolvency relates to whether or not the bank was insolvent at the time the collateral securities were hypothecated, and whether or not such assignment was then made in contemplation of insolvency.

4. The excerpts from the charge complained of by the defendants in error in the cross-bill of exceptions were not erroneous. The definition of "insolvency" as given by the judge in his charge, to the effect that the insolvency of a bank means the inability of the bank to meet its current obligations in the ordinary course of business, in the ordinary course of banking, was a proper one to be given in a civil proceeding such as the instant case. *Clarke* v. *Ingram*, 107 *Ga.* 565, 582 (33 S. E. 802). In a criminal proceeding a stricter rule might obtain. *Griffin* v. *State*, 142 *Ga.* 636, 646 (83 S. E. 540, L. R. A. 1915C, 716, Ann. Cas. 1916C, 80). The requests to charge set forth in the cross-

bill of exceptions, so far as legal and pertinent, were substantially covered in the general instructions given by the court.

*Judgment reversed on main bill of exceptions; affirmed on cross-bill.*
*Wade, C. J., and Luke, J., concur.*

DECIDED JANUARY 14, 1919.

Trover; from city court of Blakely—Judge Sheffield. February 19, 1918.

*Glessner & Collins,* for plaintiff. ·

*Yeomans & Wilkinson, L. M. Rambo,* for defendant.