## 14934.  CROW *v.* THE STATE.

This court cannot hold that the trial judge abused his discretion in overruling a motion for a new trial based only on alleged insufficiency of evidence to support the verdict, where he approved the verdict and a different verdict was not absolutely demanded by the evidence.

DECIDED NOVEMBER 15, 1923.

Indictment for possession of liquor; from Habersham superior court—Judge J. B. Jones. June 5, 1923.

*J. J. & Sam Kimzey, I. H. Sutton,* for plaintiff in error.

*Robert McMillan, solicitor-general,* contra.

BLOODWORTH, J. The motion for a new trial contains the general grounds only. A verdict for the defendant was not absolutely demanded by the evidence; the finding of the jury has the approval of the judge who tried the case, and we cannot say that he abused his discretion in overruling the motion for a new trial. In *Rogers* v. *State,* 101 *Ga.* 562 (28 S. E. 978), Justice Cobb said: "Applications for new trials on the ground that the verdict of the jury is contrary to evidence are addressed to a sound legal discretion to be exercised by the trial judges. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere when there is any evidence which would justify the jury in reaching the conclusion which is set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case as on appeal, would render here a different judgment; still under the established practice of this court as required by the law of the State, we cannot overrule a trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case

in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The wisdom and discretion of the trial judge is sufficient for us to endorse his judgment in cases of this character."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*