### 18179.　BARRON v. THE STATE.

It is not a good ground of a motion for a new trial that the court failed to give to the jury, in connection with an instruction not alleged to be erroneous, an instruction not requested.

This court can not say that there was no evidence to support the verdict in this case.

DECIDED JULY 14, 1927.

Possessing liquor; from Floyd superior court—Judge Maddox. May 7, 1927.

*M. B. Eubanks, Porter & Mebane,* for plaintiff in error.

*J. F. Kelly, solicitor-general,* contra.

BLOODWORTH, J. 1. The accused was convicted of having in his possession, custody, and control intoxicating liquors. The only special ground of the motion for a new trial alleges that the court erred in failing to instruct the jury, in connection with his charge on circumstantial evidence, that the defendant, who was driving the car and was traveling with another in whose possession in the car corn liquor was found, must have had knowledge of the presence of the liquor. There was no request for such a charge. There is no claim that the instructions given were erroneous. "It is not a good assignment of error on a portion of the judge's charge

Criminal Law, 16 C. J. p. 964, n. 31; p. 1049, n. 82; p. 1050, n. 84; p. 1056, n. 20; 17 C. J. p. 252, n. 16; p. 271, n. 41.

which states a correct principle of law applicable to the case that some other correct and appropriate instruction was not given." *Grant* v. *State,* 152 *Ga.* 252 (109 S. E. 502). See *Conley* v. *State,* 21 *Ga. App.* 134 (94 S. E. 261). Moreover, immediately following his charge on circumstantial evidence the judge did instruct the jury that in order to convict the defendant they must find that he "knowingly had in his possession, custody or control" some one of the liquors named in the indictment.

2. The verdict has the approval of the trial judge, and this court can not say that there is no evidence to support it. In *Rogers* v. *State,* 101 *Ga.* 562 (28 S. E. 978), Judge Cobb said: "Applications for new trials on the ground that the verdict of the jury is contrary to evidence are addressed to a sound legal discretion to be exercised by the trial judges. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere when there is any evidence which would justify the jury in reaching the conclusion which is set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case as on appeal, would render here a different judgment, still under the established practice of this court as required by the law of the State, we can not overrule a trial judge, who, fresh from the atmosphere of the trial, sends to us a record in which he endorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory, and doubtful. The wisdom and discretion of the trial judge is sufficient for us to endorse his judgment in cases of this character."

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*