20439. RENEW *v.* THE STATE.

DECIDED MAY 14, 1930.

*C. W. Worrill,* for plaintiff in error.

*B. T. Castellow, solicitor-general, Bond Almand,* contra.

BLOODWORTH, J. The verdict is approved by the trial judge, and we can not say that there is no evidence to support it. In *Rogers v. State,* 101 *Ga.* 562, 563 (28 S. E. 978), Justice Cobb said: "Applications for new trials on the ground that the verdict of the jury is contrary to evidence are addressed to a sound legal discretion to be exercised by the trial judge. When this discretion has been exercised and the motion for a new trial overruled, this court will not interfere where there is any evidence which would justify the jury in reaching the conclusion which it set forth in the verdict. While in many cases we would probably not have rendered the verdict returned, and, if we were authorized to pass upon the case as on appeal, would render here a different judgment, still under the established practice of this court as required by the law of this State, we can not overrule a trial judge who, fresh from the atmosphere of the trial, sends to us a record in which he indorses the finding of the jury which tried the case in his presence. This is true even in cases where the evidence might be described as weak, unsatisfactory and doubtful. The wisdom and discretion of the trial judge is sufficient for us to indorse his judgment in cases of this character."

*Judgment affirmed. Broyles, C. J., concurs. Luke, J., dissents.*

LUKE, J., dissenting. While the opinion of the majority of the

court sets up a correct rule by which the court must be governed, in my opinion the evidence did not authorize the verdict of guilty, and for this reason I dissent from the judgment of affirmance.