22490.   McCREA *v.* GEORGIA POWER COMPANY.

DECIDED JANUARY 21, 1933.

*Charles W. Walker, Ryals, Anderson & Anderson,* for plaintiff in error.

*Colquitt, Parker, Troutman & Arkwright, Orrin Roberts, M. F. Adams,* contra.

SUTTON, J. This was a condemnation proceeding brought by the Georgia Power Company against Mrs. Clyde McCrea to condemn certain lands of hers in Putnam county, being 2.42 acres, a portion of a tract of 375 acres owned by Mrs. McCrea. The power company appealed from the finding of the assessors to a jury in the superior court, where a verdict was returned in favor of Mrs. McCrea in the sum of $48.40 direct damages for the land to be actually taken by the power company for the purpose of backing water from its power dam over the same, and $1,499.04, for consequential damages to the remainder of the tract of land. Mrs. McCrea filed a motion for new trial, the court overruled the motion, and she excepted.

■ There is no merit in grounds 1 and 2 of the amendment to the motion for a new trial. The condemnee sought to prove by her husband that the power company, through its agent, had, previous to the condemnation proceedings, offered to purchase her lands for $18 an acre, which offer she refused. By the verdict for $48.80 for the actual taking of 2.42 acres of her land, it would seem that the jury valued the condemnee's land at more than $18 an acre, in arriving at their verdict. Therefore, if this evidence was admissible for any of the reasons urged by the condemnee, its exclusion by the court was harmless to her.

■ The condemnee offered to prove by two witnesses that the unhealthy condition of her land after the power company backed its water up the creek would reduce the market value thereof a certain per cent. The court excluded this evidence. We do not think that this was harmful error. The condemnee did not offer to show by these witnesses in what manner her land would be rendered unhealthy, and that such unhealthy condition would be an inevitable and proximate result of the power company's backing water up this creek. Furthermore, there was evidence unobjected to that her farm and the dwelling-house thereon would be rendered far less desirable after the power company had completed this

project, thereby reducing the market value thereof. The jury were fully instructed as to how to determine the consequential damages in a general way, and they returned a verdict in favor of the condemnee for at least one fifth the market value of her land, based on the evidence, as consequential damages for the diminishment of the market value thereof.

■ The refusal of the court to allow a physician to testify for the condemnee that in his opinion the pond to be formed by the backing of the water by the power company on her land would make a favorable place for the breeding of malaria mosquitoes, that there would be danger from such mosquitoes, that it would be difficult to prevent mosquitoes from being raised in the pond with the use of insecticides and other preventatives, and that by the use thereof the water of the pond would become polluted and unfit for man or stock to use. Such evidence was merely speculative. It was not at all certain that the pond would be such as to breed mosquitoes, and that if it did, the power company would not eradicate them. It can not be assumed in condemnation proceedings that there will be negligent construction or operation of the project so as to cause damage in excess of that which would naturally and proximately result from the construction and operation thereof. Remote and speculative or possible damages are not allowed. If the power company be negligent in the maintenance and operation of this pond and cause damage beyond that ordinarily arising from such operation and maintenance, this might give rise to a separate cause of action. *Central of Georgia Power Co.* v. *Mays,* 137 *Ga.* 120 (72 S. E. 900).

■ Three grounds of the motion for new trial complain that the court erred in refusing to give to the jury certain requested instructions in writing relating to consequential damages to that portion of Mrs. McCrea's land not actually taken by the power company. The court substantially covered the subject of consequential damages to the remainder of the condemnee's property in the general charge to the jury. Furthermore, the condemnee having obtained a verdict for $48.80 for the value of her land actually taken, and for $1,499.04 as consequential damages to the remainder of her lands, which was a substantial verdict under the evidence in the case, the refusal of the court to give the instructions embodied in these requests in charge to the jury was not so harmful and

prejudicial to her as to require the grant of a new trial. *Park* v. *First National Bank,* 23 *Ga. App.* 167 (2) (97 S. E. 888) ; *Mays* v. *Fletcher,* 137 *Ga.* 27 (4) (72 S. E. 408).

■ In the last ground of the motion for a new trial the condemnee complains of the admission of certain testimony of a witness for the condemnor as to other similar dams backing water into other similar creeks in other places, and the harmless result thereof to adjoining lands. Evidence of similar occurrences is admitted where it appears that all the essential physical conditions on two occasions are identical; for under such circumstances the observed uniformity of nature raises an inference that like causes will produce like results, even though there may be some dissimilarity of conditions in respect to matters which can not reasonably be expected to have affected the result. *Hendricks* v. *Southern Ry. Co.,* 123 *Ga.* 342 (51 S. E. 415) ; 22 C. J. 751, 752.

■ The verdict was not contrary to law or the evidence, and was in favor of the condemnee for a substantial amount, and from the rulings above made it follows that the court below did not err in overruling the motion for new trial.

*Judgment affirmed. Stephens, J., concurs. Jenkins, P. J., disqualified.*