398

DECIDED FEBRUARY 26, 1938.

*Addleton & Hightower,* for plaintiff.

*J. O. Fulral,* for defendant.

STEPHENS, P. J. 1. On the trial of issues as to the value of land condemned and taken for public purposes, and for consequential damages to adjoining land, where the court allowed a witness to testify, over objection of the landowner, that the witness does not think that the new road has damaged the landowner any, the objection to the admission of the testimony being that the question as to damage is one for the jury, there is no merit in the objection where it appears that the same witness, immediately preceding the rendition of the testimony complained of, testified without objection that the existence of the road through the land was obliged to enhance the landowner's property more than it would depreciate it.

2. It was not harmful error for the court to admit in evidence the testimony of a witness who had been one of the assessors, and had assessed the value of the land alleged to have been taken and damaged under condemnation proceedings, as to how the assessors arrived at the amount of damage which they awarded, where the witness testified that "We reached our opinion as to the full value of the land and based that part of it on the approximate acre and a half," the acre and a half being the amount of land actually condemned and taken, where the court clearly instructed the jury that they were not concerned with what the appraisers did, and that the amount of the award by the appraisers was not a matter for the jury's consideration but that the jury should determine what damages, if any, the landowner sustained from the proof submitted and the law as given in charge by the court.

3. Since the damage to the mercantile business conducted in the store upon the land which is due to a relocation of the road is not an element of consequential damages to the land due to the

taking of the land necessary to the construction of the road, the court did not err in instructing the jury not to consider the evidence respecting the depreciation in the value of the mercantile business.

4. The evidence was sufficient to authorize the inference that the amount found by the jury in favor of the landowner as damages for the land actually taken, and as consequential damages to the remaining land, represented the full amount of damage suffered by the landowner as a result of the condemnation proceedings. The court did not err in overruling the landowner's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*