MILLS *v.* THE STATE.

No. 12937. SEPTEMBER 13, 1939.

*L. C. Harrell* and *W. S. Mann,* for plaintiff in error.

*Ellis G. Arnall, attorney-general, M. H. Boyer, solicitor-general, Duke Davis* and *C. E. Gregory Jr., assistant attorneys-general,* contra.

GRICE, Justice. The accused was thrice arraigned for the murder of his wife. The first time there was a mistrial, the jury being

unable to agree. The second trial resulted in a verdict of guilty, with a recommendation, which on motion was set aside by the trial judge. This writ of error was sued out when, the defendant having been again convicted with a recommendation, the judge refused to set aside the verdict. In his judgment denying the motion the judge at some length reviews the evidence, and among other things says: "The evidence is wholly circumstantial. There is no positive evidence as to who killed her. There are circumstances that point to the guilt of the defendant, but same are explainable consistent with innocence. No motive was shown for the killing. The State, by testimony of the father of the defendant, undertook to show motive. His testimony in light of the circumstances is without probative value." Then, after a further discussion of the testimony, the judge concludes: "Now I have carefully considered this case and have endeavored, being persuaded by the verdicts of the juries, to reach a conclusion that the defendant is guilty. The jurors themselves, however, must have doubted his guilt. One jury made a mistrial and the others declined to impose the extreme penalty. Be this as it may, I am not satisfied the defendant is guilty. I have a reasonable doubt of his guilt. Hence I do not approve the verdict. But the State insists that since it is a second verdict finding the defendant guilty, in the absence of error at law, I have no discretion to grant a new trial; that should I grant a new trial the State would have no appeal; that I should just give my conclusions and reasons for not being satisfied with the verdict, overrule the motion, and let the Supreme Court, in event defendant should appeal, pass on the case. I do not wholly concur in this contention of the State. I am of the opinion in a criminal case, although it be a second verdict of guilty, if the trial judge entertains a reasonable doubt of the guilt of the defendant it is his discretion and is also his duty to grant a new trial. Nevertheless I am giving the motion the direction suggested by the State. Therefore, acting on the theory I have no discretion as trial judge, on account of same being a second verdict, to set it aside, the motion is overruled; although I do not approve the verdict, because I am not satisfied from the evidence beyond a reasonable doubt defendant is guilty."

If this were the first verdict, a reversal would have to follow, the order overruling the motion for new trial failing to show that the

verdict sought to be set aside was approved by the trial judge in the exercise of a sound legal discretion. *Rogers* v. *State,* 101 *Ga.* 561 (28 S. E. 978); *Central of Georgia Railway Co.* v. *Harden,* 113 *Ga.* 453 (38 S. E. 949); *Thompson* v. *Warren,* 118 *Ga.* 644 (45 S. E. 912); *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606); *Livingston* v. *Taylor,* 132 *Ga.* 1, 10 (63 S. E. 694); *Cotton States Seed &c. Co.* v. *Macon &c. Co.,* 23 *Ga. App.* 206 (98 S. E. 108). Is there a different rule when a trial judge passes on a motion to set aside a second verdict against the same party? This court, in *Taylor* v. *Central Railroad & Banking Co.,* 79 *Ga.* 330 (5 S. E. 114), made an extensive review of most or all of the previous rulings on new trial based on the state of the evidence, "because," said the court, "those rulings have by some been thought not altogether harmonious." The court concludes as follows: "From all that has been said and shown, we conclude that the power of the superior courts to grant new trials, being expressly conferred by statute, as well as arising from common law principles (vide Code, sections 3711-3718), is not limited by any absolute and invariable rule as to the number of times of its allowable exercise, but that the presumption of the legality of such grant, generally speaking, weakens upon each additional concurrent verdict; and that a third, or even a second, grant of a rehearing on the ground of the evidence being decidedly and strongly against the verdict, will be carefully reviewed to see that the discretion to grant it has been justly, wisely, and prudently exercised, letting each case stand as to this question upon its peculiar issues and facts, and allowing due weight to the general considerations of the fitness of jurors to find the facts, and of the necessity that there shall be some end to litigation."

In *Seaboard Air-Line Ry.* v. *Randolph,* 136 *Ga.* 505 (71 S. E. 887), upon the hearing of the motion for new trial the judge passed an order reciting that the court did not approve the verdict, but, this being a second verdict, the court had no discretion to grant a new trial upon the facts where there was sufficient evidence to support the verdict. As to that this court said: "Upon the hearing of the motion for a new trial the judge below passed the order set forth in the statement of facts. We can not approve of the practice of passing orders of this character; that is, of rendering a judgment denying the defendant's right to a new trial, and at the

same time disapproving of a part of the jury's finding in the case. It will be observed that the court below, in the order referred to, does not expressly or impliedly disapprove of the finding of the jury upon the question of the defendant's liability, but does not approve the verdict on the ground that it appeared that the amount found for the plaintiff was too great. If it had appeared from the order of the court that it refused its approval of the verdict generally, but denied the motion for a new trial on the ground that the court had no discretion, upon a second finding for the same party, where there was sufficient evidence to support it, we might feel constrained in this case to set aside this verdict, although it is a second finding in favor of the plaintiff, and for an amount substantially the same as the amount awarded in the first verdict, allowing interest on that amount to date of last verdict; because a trial court is not without discretion relative to the grant of a new trial after a second verdict in favor of the same party. In dealing with the second verdict his discretion may not be as ample as is that of a court hearing a motion for a first new trial. But certainly, under the decisions of this court, the first grant of a new trial does not exhaust the discretion of the court relatively to the grant or denial of another trial." *Vassie* v. *Central of Georgia Ry. Co.*, 135 *Ga.* 8 (68 S. E. 782), seems to be in line with earlier cases, in holding that there is no absolute and invariable rule which limits to one grant the power of the judge of the superior court to grant a new trial upon the grounds that the verdict is contrary to law, to the evidence, and without evidence to support it; but that after one such grant, a subsequent grant of a new trial on the same grounds will be closely examined to see that the discretion of the trial judge has been justly and wisely exercised. The second grant of a new trial was reversed in *Hendricks* v. *Southern Railway Co.*, 123 *Ga.* 342 (51 S. E. 415). There the evidence was in sharp conflict, and no errors of law were committed. A second grant was reversed in *Dethrage* v. *Rome,* 125 *Ga.* 802 (54 S. E. 654). It was said that "under all of the evidence the verdict is not manifestly wrong." The same result was reached under similar circumstances in *Gregory* v. *Georgia Granite Railroad Co.,* 132 *Ga.* 587 (64 S. E. 686), where no error of law had been committed, "and where under all the evidence the verdict is not manifestly wrong." This ruling was cited with approval in *Kuhnen* v. *Postal Tele-*

*graph-Cable Co.,* 135 *Ga.* 390 (69 S. E. 554). In *Barnes* v. *Carey,* 167 *Ga.* 588 (146 S. E. 629), this court ruled, that, it not appearing that any error of law was committed pending the trial, and as it could not be said that the evidence in favor of the prevailing party was weak or unsatisfactory, the judge erred in granting a second new trial. On the other hand, this court ruled, in *Davis* v. *Chaplin,* 102 *Ga.* 587 (27 S. E. 726), that it would not reverse a judgment granting a second new trial on the ground that the verdict was contrary to evidence, when it appeared from the record that the evidence in support of the verdict was at best weak and unsatisfactory, and the decided preponderance of the testimony was on the side of the losing party. This was followed in *Daniels* v. *Leonard,* 105 *Ga.* 841 (32 S. E. 122), where it was ruled that when it is palpably apparent from the entire evidence in the record that the verdict was strongly and decidedly against the weight of the same and manifestly wrong, the court will not reverse a judgment granting a second new trial, although there may have been some evidence tending to support the verdict.

In the light of the foregoing, what is the correct rule as to the discretion or want of it in a trial judge when passing on a second motion for new trial when there is some evidence to support the verdict? In all cases where a motion for new trial is being passed on by a trial judge, no matter how many verdicts have gone against the losing party, the law places on him a solemn responsibility to exercise a discretion in granting or refusing a new trial. "It is the duty of juries to seek to arrive at the truth under the evidence. It is the duty of the presiding judge, on motion for a new trial properly raising the point, to consider whether the verdict is contrary to evidence, or decidedly and strongly against the weight of the evidence, or without evidence to support it. In determining whether or not a new trial should be granted on the ground that the verdict is contrary to the evidence, or decidedly and strongly against the weight of the evidence, he should exercise a sound discretion." *McLendon* v. *Reynolds Grocery Co.,* 160 *Ga.* 763 (129 S. E. 65). In Graham & Waterman on New Trials, 1366, the author says: "The object of granting a new trial being to attain justice by insuring a correct result, it is evident, that upon principle, the frequency of granting it should only be limited by the object aimed at. In other words, that the case should be con-

tinually submitted to successive juries, until a true verdict was rendered. This, courts have the power, and it is unquestionably their duty, to do; for error remains the same, and is equally unjust and oppressive whether committed by one, or repeated and confirmed by a number of juries. It is a trite maxim, that two wrongs do not make a right. Neither are the mistakes of several successive juries cured by being reiterated. There is, therefore, no limit to the discretionary jurisdiction of courts, in granting as many new trials as may seem to be proper, where the jury either mistake, neglect, or abuse their duty." In *Rogers* v. *State,* 101 *Ga.* 561 (28 S. E. 978), it was ruled: "This court will not allow a conviction of a crime . . to stand, when the record discloses strong reason for believing that the judge below was not himself fully satisfied with the finding of the jury." It is true that there had been but one verdict in that case, but as was said in *Seaboard Air-Line Ry.* v. *Randolph,* supra, "But certainly, under the decisions of this court, the first grant of a new trial does not exhaust the discretion of the court relatively to the grant or denial of another trial." As was further said in the *Rogers* case, supra: "Where it appears from the record that the evidence is of the character named [weak, unsatisfactory, and doubtful], and that the trial judge must have been of the same opinion, and where it further appears that he is himself not entirely satisfied with the verdict, no course is left open to us except to send the case back for a rehearing before another jury, that the trial judge may satisfy himself as to the propriety and justice of the finding."

By the express terms of the constitution of Georgia, the Supreme Court is a court for the correction of errors of law only. Art. 6, sec. 2, par. 5 (Code, § 2-3005). We can not undertake to correct errors of fact. We are prohibited from so doing, and can only decide law questions. But no such limitation is placed on the judges of the superior court. They are authorized to grant new trials even though the evidence is sufficient to support the verdict. Code, § 70-206. Ours is the function merely to see that the law is followed. Theirs is the solemn responsibility to see to it that justice is administered according to the evidence as well as the law. One of the methods of accomplishing this result is the conferred authority to grant new trials. The law never makes of the judge a mere automaton in passing on a motion for new trial. No

finding of fact by a jury is final or conclusive when a motion for new trial is presented, unless and until that verdict is approved by the trial judge. The presentation of a motion for new trial is an appeal to his judicial conscience. It is idle for him to say, when there is a slight conflict in the evidence,. "I will let the Supreme Court pass on it." But our sovereign, the law, has in effect said to the trial judge: "We charge you to let no verdict stand unless your conscience approves it, although there may be some slight evidence to support it. Whenever a motion for new trial is presented, it becomes your solemn duty to review the evidence, as well as any rulings complained of, and if you think there has been a miscarriage of justice, correct it by granting a new trial. In the realm of fact, you are the only bulwark provided by law for the correction of error. When the case reaches the Supreme Court, your mere denial of the motion means that your conscience approves the verdict, and in such a case the power of the court of review is only to determine whether there is any evidence to support the verdict, not whether the verdict is against the weight of the evidence, not whether the finding appears to the Supreme Court to be unjust, but whether there has been an abuse of discretion on your part. It is your responsibility to see that justice is administered in every case, according to law *and the evidence.*" A judge of the superior court has authority which this court does not possess. We can not review a jury's verdict. He can. All that we can do is to review the judgment of the judge in passing on the verdict when its correctness is challenged by a motion for new trial. The aim of the law is justice. It gives to the trial judge a weapon which it expects him to use in proper cases,—the power to grant a new trial in order to accomplish the high purpose of the law. The discretion to grant a new trial is entrusted to him and to him alone. This great power given to him by the law is not an arbitrary discretion, of course, but a judicial discretion, placed in the hands of one whom the law regards as not only skilled in her service, but who has an eye single to the great object for which courts are established—to administer justice according to law. When it appears to his judicial conscience that a verdict is contrary to the evidence or without evidence to support it, he should grant a new trial; or if he thinks there is evidence to support the verdict and his judicial conscience approves it as the truth of the case, and if no error of

law is involved, he should refuse a new trial, leaving it to this court in either event only to review his judgment, on whether he has erred, that is, abused his discretion, in granting or refusing a new trial, as the case may be. He can not properly at one and the same time disapprove a verdict and yet refuse a new trial, even though the grant of a new trial might in a civil case be reversed by this court as an abuse of discretion. This is true for the reason that in such case there would be no exercise of the discretion vested in him by law, and this alone is subject to review by the Supreme Court, where no separate error of law is involved. The question whether there has been an abuse of such discretion is itself a question of law reviewable by the Supreme Court. If the judge actually disapproves the verdict in any case, the necessary result is to grant a new trial, notwithstanding his judgment might be subject to reversal as an abuse of discretion, where the respondent is a party who may appeal. The action of a judge should not be different in a criminal case, merely because the State would have no appeal to a court of review in such case. This fact could never change the law or the duty of the trial judge in disposing of the motion in the light of the facts, and either granting or refusing a new trial according to whether his judicial conscience approves or disapproves the verdict. If a new trial is granted, the State does have an appeal to another jury.

We are dealing now with a murder case. The plaintiff in error is under a life sentence. The evidence was circumstantial. The able and experienced judge who passed upon the motion presided at the trial. In his judgment denying the motion he expressly disapproves the verdict, and states that in his opinion the evidence fails to show the guilt of the accused with that degree of certainty required by law. We believe the sounder view to be that this disapproval of the verdict, although it be a second verdict finding the prisoner guilty, requires a reversal. The judgment is reversed because of the failure of the judge to exercise his discretion. No ruling is made on any of the other grounds of the motion.

*Judgment reversed. All the Justices concur.*