## 41284. SIMS v. GEORGIA POWER COMPANY.

FELTON, Chief Judge. 1. (a) The trial judge failed to specify the grounds of the second motion for a new trial as amended on which he based his grant of the motion. Prior to 1959, this court held that there was no provision of law under which the trial judge could be compelled to so specify. *Bass v. Pharr*, 98 Ga. App. 125 (105 SE2d 236). *Code* § 6-1608 was amended by Ga. L. 1959, pp. 353, 354, so as to require, in part, that ". . . the trial judge shall state in all cases the ground or grounds upon which *said* new trial is granted." Reference to the caption and the first provision of this section indicates that this requirement is applicable to only the *first* grant of a new trial. Since the General Assembly is presumed to have been aware at the time it amended the above section that there was no existing statutory provision requiring the stating of grounds in the granting of *any* motion for a new trial, its requirement as to the first grant would seem to indicate its intent to limit the requirement to the first grant. Extension of such requirement to second and subsequent grants, therefore, must be done by legislative action, if at all.

(b) The second grant of a new trial is not subject to the stringent protection against interference by the appellate courts as is the first; therefore the general as well as the special grounds should be considered. *Schaufele v. Central of Ga. R. Co.*, 6 Ga. App. 660, 662 (2) (65 SE 708). Since it is impossible to determine from the court's order in the case at bar upon which grounds the motion was granted, the only apparent way to rule justly on the appeal is to assume that the motion was granted on all the grounds, both general and special.

(c) The grant of a second new trial on the general grounds is an abuse of discretion unless the verdict is manifestly wrong or supported by evidence that is weak and unsatisfactory or unless the great preponderance of evidence is on the side of the losing party. *Simpson v. Brand*, 108 Ga. App. 393, 394 (1) (133 SE2d 393); *Mills v. State*, 188 Ga. 616 (4 SE2d 453). However, since the judgment of the court in granting the motion for a new trial is hereinafter affirmed as to some of the special grounds, resulting in a new trial, the general grounds need not be considered.

2. Grounds 1, 2, 3 and 6 of the amended motion which was

granted by the trial judge complained that the charge of the court was confusing and erroneous in its statement of the measure of damages. "The action of the trial judge in granting a second new trial to the defendant, not on account of the verdict rendered but on account of error committed by himself, will not be disturbed, because the charge of the court was in some respects erroneous and in other respects confusing; and, since the verdict, though authorized, was not demanded, the rights of defendant may have been thus prejudiced." *Hughes v. Dannenberg Co.,* 25 Ga. App. 699 (104 SE 453). The charge was confusing insofar as it was capable of being construed to give other than the sole applicable measure of damages in this case, i.e., the difference in the fair market values of the land taken for the easement before and after the taking. See *Georgia Power Co. v. Pittman,* 92 Ga. App. 673 (89 SE2d 577); *Georgia Power Co. v. Livingston,* 103 Ga. App. 512 (4) (119 SE2d 802). The court did not err in granting a new trial on special grounds 1, 2, 3 and 6.

3. Special grounds 4 and 5 of the amended motion for a new trial which was granted by the trial judge complained of the submission to the jury of the question whether the property involved had value for purposes other than agricultural. Assuming that there was sufficient evidence to authorize such a charge it was weak and as the case is to be tried again it is not necessary to decide whether the charge was error or sufficiently harmful to require a new trial.

4. Ground 7 of the amended motion granted by the trial judge was meritorious. The court erred in admitting in evidence over objection testimony of the condemnee as to the amount of consequential damages, based upon his prospective expenditures in connection with his plans for the property, his conclusion as to what the property was worth to him, prior offers for a price certain and the amount of money he had invested in the property, none of which was relevant to the issue of the fair market value before and after the taking.

5. The court erred in excluding the testimony of witness Hutchins as to the value of the easement and allowing his testimony regarding consequential damages, where the similar bases of the witness's two estimates were factors other than the correct measure of damages, i.e., the difference in market values. This error, combined with any confusion resulting from the charge, as discussed in Division 2 hereinabove, was sufficient to au-

thorize the grant of a new trial. Ground 8 of the amended motion was meritorious.

6. The admission in evidence of testimony of assessors who had appraised the property sought to be condemned was not harmful error where the court clearly instructed the jury to the effect that they were not concerned with what the assessors did, and that the amount of the award by the assessors was not a matter for their consideration, but that they were to determine what damages, if any, the landowner sustained from the proof submitted and the law as given in charge by the court. *Lee v. State Hwy. Dept.*, 57 Ga. App. 398 (2) (195 SE 462). Ground 9 of the amended motion granted by the trial judge was therefore not meritorious.

The court did not err in granting a new trial on special grounds 1, 2, 3, 6, 7 and 8 of the amended motion.

*Judgment affirmed. Jordan and Pannell, JJ., concur. Pannell, J., was designated to preside in place of Russell, J., who was disqualified.*

ARGUED MAY 3, 1965—DECIDED JUNE 18, 1965—
REHEARING DENIED JULY 7, 1965.

*James W. Parris, Paul T. Collier,* for plaintiff in error.
*T. Penn McWhorter,* contra.