## THOMPSON *v.* WARREN.

1. The law confers upon trial judges a discretion in granting or refusing new trials in cases where the verdict is contrary to the evidence, or contrary to the weight of the evidence, and imposes upon them the duty of exercising this discretion.
2. This court will not allow a verdict to stand in a case where the evidence is conflicting, when it is apparent from the record that the judge in overruling the motion for a new trial has not exercised the discretion vested in him.
3. When an order overruling a motion for a new trial recites that in the opinion of the judge the verdict is against the weight of the evidence, that he would not have agreed to it if he had been on the jury, but that he does not feel at liberty to set the same aside, for the reason that it seems to him that setting the verdict aside when there was evidence to support it and no suggestion of bias or prejudice on the part of the jury " would be an usurpation by the court of the powers of the jury," it is manifest that the judge has not exercised the discretion vested in him by law, and the judgment will be reversed for this reason.
4. The rulings in *Rogers* v. *State,* 101 *Ga.* 501, and *Central of Georgia Railway Co.* v. *Harden,* 113 *Ga.* 453, approved and followed.

Submitted July 24, — Decided August 14, 1903.

Probate of will — appeal.    Before Judge Barrow.    Chatham superior court.    August 30, 1902.

*Gignilliat & Stubbs,* for plaintiff.
*W. F. Slater* and *O'Conner, O'Byrne & Hartridge,* contra.

COBB, J.    This was an application to prove a will in solemn form, which came on to be tried on appeal in the superior court.    The jury returned a verdict in favor of the caveator.    The evidence was conflicting on the material issues.    The propounder made a motion for a new trial, which the court overruled in an order in the following language :  "The verdict found by the jury in this case, in my opinion, is against the weight of the evidence.    It is a verdict which I would not have found, or agreed to, if I had been on the jury.    I think that the decided preponderance of testimony is in favor of the will.    But there is evidence sufficient to support the verdict, and it seems that the jury saw proper to believe those

witnesses whose testimony indicates a want of capacity on the part of the testator. This being the case, I do not feel at liberty to set that verdict aside. It is a well-settled principle of law that the credibility of witnesses, the weight of testimony, and the decision of · all questions of fact in any case is within the exclusive province of the jury. In this case there is no error of law pointed out, there is no hint that the verdict is the offspring of bias, prejudice, passion, or mistake. It is simply a case in which, upon a question of pure fact, twelve jurors have seen proper to take a different view of the testimony from that which the court would have taken. To set aside that verdict, under the circumstances, it seems to me, would be an usurpation by the court of the powers of the jury." The case is here upon a bill of exceptions sued out by the propounder. This order is alleged to be erroneous for the reason that the court should have granted a new trial; that the judge was laboring under a misapprehension as to his legal power to do so, as appears from the recitals in the order; that, but for this misapprehension, a new trial would have been granted; and that it appears from the order that the verdict has never been approved by the trial judge as required by law.

When the evidence is conflicting, applications for new trials upon the ground that the verdict is contrary to the evidence, or contrary to the weight of the evidence, or decidedly and strongly against the weight of the evidence, are addressed to the sound legal discretion of the trial judge. The law imposes upon the trial judge the duty of exercising his discretion in all such cases. See *Rogers* v. *State*, 101 *Ga.* 561; *Central of Georgia Ry. Co.* v. *Harden*, 113 *Ga.* 453. When it appears from the record that the trial judge in overruling the motion for a new trial has not exercised this discretion, the judgment overruling the motion will be reversed. In the present case it appears that the judge has not exercised the discretion which the law vests in him, and in such a case the principle of the decisions just cited is applicable and will be followed. The law not only vests the trial judge with a broad discretion in the matter of granting new trials, especially on the first application, but, where the evidence is conflicting, the judgment of the trial judge on this question is generally conclusive. In no case can this court reverse the judgment refusing a new trial, when the evidence is conflicting and no error of law has been committed,

where the verdict has been approved by the trial judge in the exercise of the discretion vested in him by law, unless it is manifest that this discretion has been abused; and it has never been held that this discretion was abused in any case where there was any evidence to authorize the verdict. The judgment in the present case must be reversed, in order that the case may be tried again; and if upon another trial the verdict meets with the approval of the trial judge it may be allowed to stand. In both of the cases above cited, upon the second trial the same verdict was rendered, and when rendered was approved by the trial judge, and the judgment overruling the second motion for a new trial was in each case affirmed. See *Rogers* v. *State*, 103 *Ga.* 571; *Central of Ga. Ry. Co.* v. *Harden*, 114 *Ga.* 548.

*Judgment reversed. All the Justices concur.*