BACON *et al. v.* HOWARD *et al.*

ATKINSON, J. Gracy Howard died intestate, leaving certain heirs at law. In 1918 one of the heirs, alleging that he had purchased the interest of another heir, and acting in his own behalf and as next friend for the minor children of another heir since deceased, in-stituted a proceeding against the remaining heirs and heirs of de-ceased heirs, for partition of a tract of land irregular in shape, containing 118 acres, more or less, alleged to have been left by the intestate. The petition also alleged that Berry Bacon, the husband of one of the deceased heirs, and his children have been enjoying the use of the land since the death of Gracy Howard, which occurred in 1908, and sought to recover from them the value of the land for rent for the last four years, alleged to be $500.00. Partitioners

were duly appointed, who made a return dated October 10, 1918, which was amended on August 23, 1919. The return as amended stated: "After being duly sworn according to law, and after having made careful inspection of said premises and lands, we found that it was impossible to divide said lands fairly and equitably among all the heirs of said Gracy Howard; and we recommend that said land be sold and the proceeds divided among the heirs of said Gracy Howard, according to law." A respondent, Arthur Bacon, son of one of the heirs since deceased, and of Berry Bacon, filed a separate answer, denying cotenancy and setting up title to the entire tract under an alleged purchase by Berry Bacon from Ophelia Gross in 1906, and purchase during the same year by Arthur Bacon from Berry Bacon, and setting up prescription under color of such title. The answer also alleged that prior to such conveyances Gracy Howard owned the land and sold it to Berry Bacon, who resided on it at the death of Gracy Howard. The other respondents did not answer, though they joined in a motion to dismiss, on which no ruling was made and no exception taken. The following verdict was returned: "We, the jurors, find a verdict in favor of the plaintiff; also allow the plaintiff one hundred twenty-five ($125.00) dollars, rents." A motion for new trial, made by Arthur Bacon and Berry Bacon, was overruled, and they excepted. The only assignment of error in the bill of exceptions is to the judgment overruling the motion for new trial. *Held:*

1. A part of the land which the plaintiff in the court below sought to recover was a share of a deceased brother in the estate of their mother; and upon the trial of the case, in support of his claim that he was the owner of that part of the estate of the decedent, the plaintiff testified: "I claim two shares of my mother's and father's estate. I acquired one share by inheritance. I bought the other share from my brother Ivy, who is now dead." When questioned, "Have you got title to it?" the witness answered, "Yes." This testimony was objected to upon the ground that "the title is the best evidence." Construing the word "title" as meaning deed (and it could have had no other meaning in this connection, the context clearly showing it was used in this sense), the court erred in not excluding the testimony.

2. Exceptions to the ruling admitting certain records in evidence, as complained of in the fourth ground of the motion for new trial, raise no question for decision by this court, because of a failure to set out the record in substance or a sufficiency of it to show its materiality to the question being tried.

3. If there was error in rejecting the deed from a third party to the defendant, as complained of in the fifth ground of the motion for new trial, such error was harmless, because the deed would not have been effective to convey title to the defendant unless such third party was himself the owner of the property; and if such third party was the owner of the property, then that fact would be as efficacious to defeat the plaintiff as would have been the rejected evidence; and the jury necessarily, by finding in favor of the plain-

tiff, found against the theory that the third party referred to was vested with title.

4. The admission of the evidence complained of in the sixth ground of the motion for new trial, being in favor of the defendant, affords him no cause for a motion for new trial.

5. The seventh and eighth grounds of the motion for new trial complain of lengthy extracts from the charge as a whole, which contain several propositions of law, some of which were sound and applicable to the issues. The exception is not a sufficient assignment of error, though a part of such charge might have been open to proper exceptions directed to such unsound parts.

6. The charge complained of in the ninth ground, which it is unnecessary to set out, is not a correct statement of the law applicable to the issues in the case, and must have tended to confuse the issues in the minds of the jury.

7. As a reversal will result from errors dealt with in the preceding notes, it is unnecessary to make any ruling as to the sufficiency of the evidence to support the verdict.

*Judgment reversed. All the Justices concur.*

No. 2421. FEBRUARY 15, 1922.

Partition. Before Judge Sheppard. Evans superior court. December 2, 1920.

*W. T. Burkhalter,* for plaintiffs in error.

*H. B. Strange, W. G. Warnell,* and *Wade H. Brewton,* contra.