### 17998. SCRIBNER v. ADAMS.

Where the evidence does not demand the verdict, and the order overruling the motion for a new trial, based upon the general grounds, shows on its face that the presiding judge did not exercise his legal discretion in passing upon the motion, the judgment will be reversed.

DECIDED MAY 11, 1927.

Action of slander; from Chatham superior court—Judge Meldrim. January 27, 1927.

*Oliver & Oliver, John Z. Ryan,* for plaintiff.

*Shelby Myrick, George H. Richter,* for defendant.

LUKE, J. Miss Verna M. Scribner, a trained nurse, sued J. L. Adams, secretary and treasurer, and one of the managers of the Savannah Hospital, alleging that while she was superintendent of the Savannah Hospital, the defendant, at a meeting of the board of directors of the said institution, spoke of and concerning her the following false, defamatory, derogatory, and slanderous words,

to wit: "I believe it to be true that she (meaning your peti-
tioner) received graft from the x-ray people (meaning the Victor
X-ray Machine Company), although I can not prove it, and I
make this charge because of the fact that a telegram came relative
to the transaction (meaning the purchase of the x-ray machine
by the Savannah Hospital from the Victor X-ray Company) and
I never got it, but I later got a copy of it from the Western Union
Telegraph Company."

The jury found for the defendant; and in passing upon the
motion for a new trial, based upon the usual general grounds, the
presiding judge passed the following order: "This was an action
for slander. The verdict was for the defendant. The motion for
new trial is on the general grounds. There are no exceptions to
any of the rulings or to the charge. The defense is twofold:
(1) that the words averred were not spoken; (2) that the alleged
slander was a conditional privileged communication. As to the
first defense, I am clear that the words averred were spoken either
literally or substantially, and if there were nothing more in the
case I should not hesitate to grant a new trial. As to the second
defense, of conditional privileged communication, it is insisted
by movant that there was no plea of privilege. This is true, and
good pleading would require such plea. But the defendant, after
denying that he had spoken the words charged, testified without
objection that the words spoken by him were uttered bona fide,
to protect his interest, and without malice. This issue of con-
ditional privilege was made by the evidence, it was argued by
counsel, and I charged on that issue as follows: 'Statements
made with a bona fide intent on the part of the speaker to protect
his own interest in a matter where it is concerned,—if you find
that to be true,—would require a verdict for the defendant.' This
charge I was constrained to give *on a vital issue made by the evi-
dence.* There was evidence to support this charge. There is no
exception to it. There can be none. The jury had the right to
find that the communication was conditionally privileged. I have
no right to arbitrarily set aside a verdict. It is a *legal* discretion
which I am permitted to exercise, and the verdict is approved on
the sole ground of a conditional privileged communication. I
trust that the movant may except to this decision, and that the
Court of Appeals may reverse it."

In passing upon a demurrer to the petition in the case at bar, this court held, in *Adams* v. *Scribner, 36 Ga. App.* 15 (135 S. E. 110), that the petition set out a cause of action, that the slanderous charges as made were conditional privileged communications, and that (quoting from the decision in *Nicholson* v. *Dillard,* 137 *Ga.* 225 (4), 73 S. E. 382), in order for such "communications to be so privileged as to be a bar in a suit for slander, it must appear that the words were spoken bona fide to protect the speaker's private interests, and not with malicious intent."

We do not care to comment on the evidence in this case further than to say that it was conflicting, and that it did not demand the verdict. "When the evidence is conflicting, applications for new trial upon the ground that the verdict is contrary to the evidence, or contrary to the weight of the evidence, or decidedly and strongly against the weight of the evidence, are addressed to the sound legal discretion of the trial judge. The law imposes upon the trial judge the duty of exercising his discretion in all such cases. See *Rogers* v. *State,* 101 *Ga.* 651 [28 S. E. 978]; *Central of Georgia Ry. Co.* v. *Harden,* 113 *Ga.* 453 [38 S. E. 949]. When it appears from the record that the trial judge in overruling the motion for a new trial has not exercised this discretion, the judgment overruling the motion will be reversed." *Thompson* v. *Warren,* 118 *Ga.* 644 (45 S. E. 912). See also *McIntyre* v. *McIntyre,* 120 *Ga.* 67 (47 S. E. 501, 102 Am. St. R. 71, 1 Ann. Cas. 606); *Livingston* v. *Taylor,* 132 *Ga.* 1 (7), (63 S. E. 694); *Cotton States Seed &c. Co.* v. *Macon, Dublin &c. R. Co.,* 23 *Ga. App.* 206 (98 S. E. 108). In *Walters* v. *State,* 6 *Ga. App.* 565 (65 S. E. 357), the court said: "If the judge meant to say that the verdict of the jury had convinced his mind and conscience of the defendant's guilt, the approval is sufficient; but if he meant to say that he did not have the power to set it aside, or that there was no duty upon him to set it aside if his mind and conscience were not convinced of the defendant's guilt, then the approval is insufficient. Before the verdict of the jury becomes final it should, where the defendant requires it by a motion for a new trial, receive the approval of the mind and conscience of one more man—the trial judge. Until all thirteen, the twelve jurors and the judge, agree upon the prisoner's guilt, his conviction is not legally final. The finding of the jury is not binding on the judge. It may be and

for the most part should be highly persuasive upon him; but he is authorized to set it aside, and indeed is under the duty of doing so if he does not approve it as a finding of fact."

We have never known a judge to approve a verdict with such unqualified reluctance as is shown by the judge's order in this case. His statement that the jury had the right to find as they did, coupled with his further statement that he had no right to arbitrarily set the verdict aside, and his conclusion that he hoped this court would reverse his decision, all lead us to conclude that the verdict did not have the sanction of the mind and conscience of the court, and that he felt that he did not have the power to set it aside. In short, we think that because of his conscientious desire to perform his duty and keep within the law, his honor failed to exercise that discretion which the law requires of him in cases like the one under consideration.

*Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*