## 26059. PARNELL v. A. W. MUSE COMPANY.

STEPHENS, P. J. 1. In a suit on a note the expressed consideration of which was advances made by the payee for the making and gathering of crops by the maker, where the only defenses interposed were that the maker did not execute the note and never received any of the consideration for which it was given, and that if she did execute it she did so in payment of a debt of her husband; and where the only issues presented by the evidence were whether or not the defendant executed the note; and whether or not there was a failure of consideration in that she received none of the consideration for which the note was given; and where it does not appear that any of the consideration of the note went to the husband, or that it was executed in payment of any debt of the husband, there was presented no issue as to whether the note was executed by the defendant in payment of the husband's debt or whether it was executed by her as surety for the husband. *Saxon* v. *National City Bank*, 169 *Ga.* 784 (151 S. E. 501); *Jordan* v. *Douglas Grocery Co.*, 27 *Ga. App.* 296 (108 S. E. 139). The court did not err in refusing to give certain requested charges which would have submitted to the jury the issues whether the defendant executed the note as surety or in payment of her husband's debt.

2. An objection to the charge of the court to the jury, that since the note was executed for advances made for the making and gathering

of crops, the maker was bound by this stipulation in the note and could not vary the instrument by parol evidence, was not harmful to the defendant in so far as it authorized the jury to disregard and not consider any evidence which might tend to show that the consideration of the note went to the benefit of the husband, where the court later in the charge instructed the jury that if the defendant received none of the consideration of the note she would not be liable to pay the amount sued for. The charge was not error in that it authorized the jury to disregard testimony to the effect that the defendant did not receive the consideration for which the note was executed. (FELTON, J., dissents.)

3. Since the defendant filed no plea of payment, and no plea of accord and satisfaction, and since there was no evidence whatsoever that the consideration for which the note was given went to the husband, or that the note sued on was executed in payment of a debt of the husband, it was not error for the court to reject the testimony of the husband that when he made a payment to the plaintiff, which was the payment which the plaintiff credited as a payment on the note sued on, this payment "represented a compromise agreement" of what the husband owed the plaintiff for fertilizer. This was merely the witness's conclusion that the debt was his. Had this evidence been admitted, it could not, without more, have established as a fact that the indebtedness represented by the note sued on was a debt of the husband. Its admission could have been of no benefit to the defendant. Therefore its rejection was not harmful to the defendant.

4. It appearing from the uncontradicted evidence that the amount due on the principal of the note, after crediting payments made on the note, was $65.80, and that the amount of interest due to the date of the verdict was $35.70, and it appearing that the verdict for the plaintiff was in the sum of $101.50 which was the aggregate of these two amounts, and that a judgment was entered for the plaintiff against the defendant in the principal sum of $65.80, with interest to the date of the verdict in the sum of $35.70, and for future interest on said principal sum at eight per cent. per annum until paid, and for costs of court, any defect in the verdict in that it was for an aggregate sum representing principal and interest was not harmful to the defendant. *Bishop* v. *Pendley Lumber Co.*, 141 *Ga.* 826 (82 S. E. 237); *Bentley* v. *Phillips*, 171 *Ga.* 866 (5) (156 S. E. 898). The verdict may be so amended as to read in accordance with the amounts found due as expressed in the judgment.

5. The evidence authorized the verdict for the plaintiff, and no error appears,

*Judgment affirmed, with direction. Sutton, J., concurs. Felton, J., dissents.*

DECIDED JULY 16, 1937.

*E. L. Smith,* for plaintiff in error.
*Leonard Farkas, Walter H. Burt,* contra.