## 36609. INGOLD, INC. v. ADAIR et al.

JORDAN, Chief Justice.

A. D. Adair, Jr., et al. filed a complaint against Ingold, Inc., in the State Court of Fulton County alleging that Adair was the landlord, and Ingold the tenant, of certain real estate in Fulton County, that Ingold had breached its lease duty regarding the payment of property taxes, and, that, under the lease, said breach entitled Adair to eject Ingold from possession of the property. Adair prayed for damages and "a writ of possession requiring that [Ingold] surrender possession of the leased real estate to Adair."

Ingold filed a motion to dismiss Adair's complaint, arguing that the State Court of Fulton County was without subject matter jurisdiction because the present case was one "respecting title to land" and Code Ann. § 2-3301 vested exclusive original jurisdiction of such cases in the Superior Courts of Georgia. The trial court denied Ingold's motion to dismiss and Ingold appeals. We affirm.

Code Ann. § 2-3301 provides that "superior courts shall have exclusive jurisdiction . . . in cases respecting titles to land. . ."

This court held, in *Black v. Fritz,* 98 Ga. 32, 33 (25 SE 188) (1895), that the phrase, "cases respecting title to land," as that phrase is used in determining subject-matter jurisdiction of superior courts, refers to "cases in which the plaintiff asserts his *title* to the land in question, and depends for a recovery upon his maintenance of it . . ." See, *Graham v. Tallent,* 235 Ga. 47 (218 SE2d 799) (1975).

We note that Code Ann. § 33-101 ("A plaintiff in ejectment must recover on the strength of his own title. . .") is qualified by Code Ann. § 61-107 which provides that "[a] tenant may not dispute his landlord's title, nor attorn to another claimant, while in actual physical occupation, or while the tenant performs any act, either active or passive, or takes any position whereby he expressly or impliedly recognizes his landlord's title, or while the tenant takes any position that is inconsistent with the position that the landlord's title is defective."

By virtue of this qualification, a landlord is authorized to file a complaint for the ejectment of his tenant alleging, not that the landlord has a presently enforceable *legal title to the land,* but, that the landlord has a presently enforceable *lease contract with the tenant,* and, that the tenant has breached said contract so as to entitle the landlord to possession. The landlord "is entitled to recover upon the admission of title in him, which grows out of the relation of landlord and tenant, if according to the law applicable to the facts of the case, that relation did exist." *Cody v. Quarterman,* 12 Ga. 386, 397 (1853).

Accordingly, we hold that Adair's complaint for ejectment, alleging that Adair has a presently enforceable lease contract with Ingold, and, that Ingold has breached this contract so as to entitle Adair to possession, does not allege a "case respecting title to land" so as to deprive the State Court of Fulton County of subject matter jurisdiction.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 17, 1981.

*Arnall, Golden & Gregory, Timothy R. Askew, Jr., James A. Gober,* for appellant.

*Carr, Abney, Tabb & Schultz, Mark A. Kelley, Benjamin C. Abney,* for appellees.