## 62710. HERSTON v. LOCKE et al.

McMurray, Presiding Judge.

Plaintiff brought this action alleging improper removal and conversion of a sign, formerly attached to and being a part of plaintiff's real estate, against defendant Locke, a former tenant who had occupied and operated a business at the premises in question. Subsequently, plaintiff amended his complaint so as to add as a defendant, Carpet Mill Store, Inc., alleging that this added defendant was in possession of the sign and sought recovery, or the fair market value of the sign. The added defendant also filed a cross-claim against defendant Locke, but this issue is not involved in this litigation or appeal. On the trial of the case and at the conclusion of the evidence all the parties made their respective motions for directed verdict. The plaintiff's motion was denied. The motions of the defendants were granted and a verdict was directed in favor of defendants and against the plaintiff. Plaintiff appeals, contending that the trial court erred in directing a verdict in favor of the defendants as there was evidence presented at trial which would authorize a recovery by plaintiff. *Held:*

1. Defendants place great reliance upon their contention that the plaintiff failed to prove that he owned the real property from which the sign was removed and that as there was no independent evidence of plaintiff's ownership of the sign, other than as a fixture upon real property which he owned, there was no evidence of plaintiff's ownership of the sign. At trial the plaintiff attempted to introduce into evidence a photocopy of his deed to the premises. After defendants' objection that this was not the best evidence of plaintiff's title in the real estate the offer of this photocopy was withdrawn. This left plaintiff in the posture of relying upon his testimony as to his ownership of the property, while defendants assert the rule that it is necessary for a plaintiff in a trover action to prove his title or right to possession in order to establish a prima facie case. *McDaniel v. White,* 140 Ga. App. 118 (230 SE2d 500); *Mitchell v. Ga. & Ala. R.,* 111 Ga. 760, 763 (36 SE 971). See *Bacon v. Howard,* 152 Ga. 616, 617 (1) (110 SE 888), as support for defendants' contention that the plaintiff may not prove his title by his testimony that he owned the property but might do so only by introducing into evidence his deed. In *Bacon v. Howard,* 152 Ga. 616, 617, (1), supra, proper objection was made to the testimony which was offered as to ownership. In the case sub judice there was no objection made to plaintiff's testimony as to ownership. Although the plaintiff's deed may have been the best evidence of his ownership of the real estate in question we cannot disregard the fact that plaintiff's testimony as to ownership, admitted without objection, is some evidence of his ownership

sufficient to satisfy our any evidence requirement and thereby bar a directed verdict for defendants based on this issue. *Tucker v. Whitehead,* 155 Ga. App. 104, 105 (2) (270 SE2d 317).

2. Defendants also rely upon their contention that plaintiff never made a demand upon the defendants for the possession of the sign. It is true that in trover actions it is necessary that the plaintiff prove either the conversion or demand for his goods and refusal to return them. See in this regard *McDaniel v. White,* 140 Ga. App. 118, supra. In the case sub judice the plaintiff proved a sale by Locke to Carpet Mill Store, Inc. This sale of the sign was a conversion thereof in that it was a denial of plaintiff's title to the sign and is sufficient to satisfy the above requirement. *Shaw v. Wheat Street Baptist Church,* 141 Ga. App. 883, 884 (1) (234 SE2d 711).

3. During the trial the defendants also relied upon a contention that plaintiff had failed to prove the value of the sign in question. This contention overlooked the fact that plaintiff was seeking in the alternative, recovery of the sign, or compensation for the value thereof, plus damages for the rental value of the sign. Plaintiff introduced evidence as to the rental value of the sign, having a rental value of approximately $50 per month. Additionally, the evidence as to the price of the sale of the sign from Locke to Carpet Mill Store, Inc. presented some evidence as to the value of the sign.

4. In summation, plaintiff has presented evidence of ownership of the real property and that the sign was permanently attached to the real estate. Indeed, the base was so heavily imbedded in concrete that defendant Locke removed the sign by cutting the pole which presented substantial evidence that it was a fixture, that is, personalty which has become attached to the realty. Furthermore, there is evidence of conversion of the sign by the sale from defendant Locke to defendant Carpet Mill Store, Inc., and by Carpet Mill Store Inc.'s utilization of the sign in its business. As there is some evidence which would support a verdict in favor of plaintiff, the trial court erred in granting the defendants' motions for directed verdict.

*Judgment reversed. Quillian, C. J., and Pope, J., concur.*

DECIDED OCTOBER 21, 1981.

*Charles C. Carter,* for appellant.
*Charles A. Gower, Joan Swift, Stephen P. Gunby,* for appellees.