## 70255. STORY v. MONTEITH.
### (338 SE2d 32)

McMURRAY, Presiding Judge.

Plaintiff Monteith brought suit against defendant Story in the Superior Court of McDuffie County. It was alleged that plaintiff and defendant entered into a contract for the construction of a log home; that defendant (the builder) breached the contract; and that plaintiff was damaged as a result of the breach. It was alleged further that defendant failed to exercise a reasonable degree of care and skill in constructing the house and that plaintiff was damaged as a result of defendant's negligence. Finally, plaintiff alleged that defendant acted in bad faith, was stubbornly litigious and caused plaintiff unnecessary trouble and expense. Defendant denied the material allegations of the complaint.

Following the trial of the case, the jury returned the following verdict: "We the jury find in favor of the Plaintiff in the sum of $130,000. We the jury also find in favor of the plaintiff (for lawyer fees) in the sum of up to $10,000." Thereupon, judgment was entered in favor of plaintiff and against defendant for $130,000.00 "together with the further sum of up to $10,000 as attorneys fees, with future interest . . . and costs . . ." Defendant moved for a new trial. The trial court denied the motion, entering an order which reads, in pertinent part, as follows:

"In considering the defendant's motion for a new trial as amended, this Court finds that said specific grounds are without merit. In considering the general grounds for a new trial *this Court has determined that it should not exercise any discretion that it may have to write off a portion of the damages or give defendant a new trial . . .* [I]n ruling on this motion for new trial, this Court has reviewed the transcript concerning the issue of whether or not the verdict returned by the jury was excessive as to the amount of damages or as to the amount of attorney's fees. *While this verdict seems excessive to the Court, there was evidence to support the same.* The jury had the benefit of evidence presented in an extremely competent and capable manner by both sides . . . If this Court had the power to remit a portion of the damages, this Court might, in view of all the evidence, exercise discretion and require that the total damages . . . be reduced by 30 or 40%. However, this Court does not deem that it has such power, nor that it can impose its judgment upon the collective wisdom of twelve jurors . . . *In light of the fact that the evidence, inclusive of interest, does support this verdict, this Court is*

*not going to impose any individual views that it may have over that of the jury."* (Emphasis supplied.) *Held*:

1. "When an order overruling a motion for a new trial recites that in the opinion of the judge the verdict is against the weight of the evidence, that he would not have agreed to it if he had been on the jury, but that he does not feel at liberty to set the same aside, for the reason that it seems to him that setting the verdict aside when there was evidence to support it and no suggestion of bias or prejudice on the part of the jury 'would be an usurpation by the court of the powers of the jury,' it is manifest that the judge has not exercised the discretion vested in him by law . . ." *Thompson v. Warren*, 118 Ga. 644 (3) (45 SE 912).

In his order, the trial judge opined that the verdict was excessive. Yet the judge stated he would not exercise his discretion to set aside the verdict because he did not want to impose his opinion upon the jury. In short, the judge did not approve the verdict; he merely yielded upon being confronted with the collective judgment of the jurors. In so doing, the judge failed to exercise the discretion which the law vests in him.

"When the evidence is conflicting, applications for new trials upon the ground that the verdict is contrary to the evidence, or contrary to the weight of the evidence, or decidedly and strongly against the weight of the evidence, are addressed to the sound legal discretion of the trial judge. The law imposes upon the trial judge the duty of exercising his discretion in all such cases. See *Rogers v. State*, 101 Ga. 561; *Central of Georgia Ry. Co. v. Harden*, 113 Ga. 453. When it appears from the record that the trial judge in overruling the motion for a new trial has not exercised this discretion, the judgment overruling the motion will be reversed." *Thompson v. Warren*, 118 Ga. 645, supra. See *Livingston v. Taylor*, 132 Ga. 1, 9 (7) (63 SE 694); *Scribner v. Adams*, 36 Ga. App. 754 (138 SE 264).

As the trial judge failed to exercise his discretion in overruling the motion for new trial, the judgment must be reversed. *Thompson v. Warren*, 118 Ga. 644, supra; *Scribner v. Adams*, 36 Ga. App. 754, supra. The mere fact that there may have been some evidence to support the verdict is of no consequence: "From the tenor of his order his honor seems to have been of the impression that if there was evidence to support the verdict, he was not authorized to set it aside. This view is erroneous . . . If a verdict is palpably against the truth of the case as gleaned from the evidence, the exercise of a sound discretion would not only authorize but require its vacation, notwithstanding there may be some evidence to support it . . ." *Livingston v. Taylor*, 132 Ga. 1, 10, supra.

2. Since it is unlikely that the remaining enumerated errors will occur upon retrial, it is unnecessary to consider them at this time.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED OCTOBER 28, 1985 —
REHEARING DENIED NOVEMBER 15, 1985 — 

*Warren D. Evans, Thomas R. Burnside, Jr.,* for appellant.
*John B. Long, Regnald Maxwell, Jr.,* for appellee.