## 42965. MONTEITH v. STORY.
### (341 SE2d 1)

GREGORY, Justice.

Petitioner Monteith sued Story for breach of a contract to build a home. The jury returned a verdict in Monteith's favor in the amount of $130,000 damages, and "up to $10,000" in attorney fees. In denying Story's motion for new trial, the trial court stated, "Considering the general grounds for a new trial this court has determined that it should not exercise any discretion that it may have to write off a portion of the damages or give defendant a new trial on the general grounds. However, in ruling on this motion for new trial, this court has reviewed the transcript concerning the issue of whether or not the verdict returned by the jury was excessive as to the amount of damages or as to the amount of attorney fees. While this verdict seems excessive to the court, there was evidence to support the same. . . . If this court had the power to remit a portion of the damages, this court might, in view of all the evidence, exercise discretion and require that

the total damages of $140,000 be reduced by 30% or 40%. However, this court does not deem that it has such power, nor that it can impose its judgment upon the collective wisdom of twelve jurors."

Relying on *Thompson v. Warren*, 118 Ga. 644, 645 (45 SE 912) (1903); *Livingston v. Taylor*, 132 Ga. 1, 9 (63 SE 694) (1908); and *Scribner v. Adams*, 36 Ga. App. 754 (138 SE 264) (1927), the Court of Appeals held that where it appears from the record that the trial court has failed to exercise the discretion vested in it by law in ruling on a motion for new trial, the appellate court must reverse the judgment and order a new trial. *Story v. Monteith*, 176 Ga. App. 853 (338 SE2d 32) (1985). Finding that the trial court failed to exercise its discretion in ruling on the motion for new trial in this case, the Court of Appeals reversed, and ordered that the case be retried.

We find that the trial court's order is susceptible of the construction given it by the Court of Appeals, that is, the trial court failed to exercise discretion in ruling on the motion for new trial. In our view the order is also subject to a contrary construction, but we did not grant certiorari on this issue, and we do not disturb the finding of the Court of Appeals in this regard. Rather, we granted certiorari to determine whether the trial court's failure to exercise discretion in considering a motion for new trial requires reversal and a new trial, or merely a remand for the exercise of discretion. We conclude, in the interest of judicial economy, that the proper remedy in these circumstances is to remand the case to the trial court for exercise of the discretion which the Court of Appeals found had not been exercised. To the extent that *Thompson v. Warren*; *Livingston v. Taylor*; and *Scribner v. Adams*, supra, as well as *Cotton States Seed &c. Co. v. Macon, Dublin & Savannah R. Co.*, 23 Ga. App. 206 (98 SE 108) (1919), suggest a different result, they will no longer be followed.

The case is therefore remanded to the Court of Appeals for determination of Story's remaining enumerations of error. If the Court of Appeals finds no error which would *require* the grant of a new trial, the case should thereafter be remanded to the trial court for the exercise of its discretion to grant a new trial.

*Judgment reversed and remanded. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Nixon, Yow, Waller & Capers, John B. Long*, for appellant.

*Knox & Knox, Robert E. Knox, Burnside, Wall & Daniel, Thomas R. Burnside, Jr.*, for appellee.