## 70255. STORY v. MONTEITH.
(349 SE2d 760)

McMURRAY, Presiding Judge:

Plaintiff Monteith brought this suit against defendant Story seeking damages resulting from the unsuitable construction of a log home. It was alleged that the parties entered into a contract for the construction of the home; that defendant, the builder, breached the contract; and that plaintiff incurred damages as a result of the breach. Thereafter, via amendment, plaintiff alleged that she incurred damages as a result of defendant's failure to exercise a reasonable degree of care and skill in constructing the home. Additionally, plaintiff sought expenses of litigation on the ground that defendant acted in bad faith, was stubbornly litigious and caused plaintiff unnecessary trouble and expense. The material allegations of the complaint were denied by defendant.

Following discovery, the case proceeded to trial in September 1983. A verdict was returned by the jury as follows: "We the jury find in favor of the Plaintiff in the sum of $130,000. We the jury also find in favor of the plaintiff (for lawyer fees) in the sum of up to $10,000." In accordance with the jury's verdict, judgment was entered in favor of plaintiff for $130,000 "together with the further sum of up to $10,000 as attorneys fees, with future interest . . . and costs . . ." Defendant moved for a new trial. Although the trial judge was of the opinion that the verdict of the jury was excessive, he nevertheless overruled the new trial motion.

In *Story v. Monteith*, 176 Ga. App. 853 (338 SE2d 32), we held that the trial judge failed to exercise his discretion in overruling the motion for new trial. Based upon *Thompson v. Warren*, 118 Ga. 644 (45 SE 912), *Livingston v. Taylor*, 132 Ga. 1 (63 SE 694) and *Scribner v. Adams*, 36 Ga. App. 754 (138 SE 264), we held that the failure to exercise a legal discretion in the overruling of the motion for new trial required the reversal of the judgment. The Supreme Court granted certiorari to determine whether the trial court's failure to exercise discretion in considering a motion for new trial requires reversal and a new trial, or merely a remand for the exercise of discretion. The Supreme Court concluded "in the interest of judicial economy, that the proper remedy in these circumstances is to remand the case to the trial court for exercise of the discretion which the Court of Appeals found had not been exercised." *Monteith v. Story*, 255 Ga. 528, 529 (341 SE2d 1). In so ruling, the Supreme Court held that to the extent that the previous decisions of *"Thompson v. Warren*; *Livingston v. Taylor*; and *Scribner v. Adams*, supra, as well as *Cotton States Seed &c. Co. v. Macon, Dublin & Savannah R. Co.*, 23 Ga. App. 206 (98 SE 108) (1919), suggest a different result, they will no longer be followed." *Monteith v. Story*, 255 Ga. 528, 529, supra. Accordingly, the Supreme Court reversed our judgment and remanded the case to this court with direction that we determine the merits of defendant's remaining enumerations of error. In the words of the Supreme Court, if the Court of Appeals finds "no error which would *require* the grant of a new trial, the case should thereafter be remanded to the trial court for the exercise of its discretion to grant a new trial." *Monteith v. Story*, 255 Ga. 528, 529, supra. Because we find defendant's second enumeration of error to be meritorious, requiring the grant of a new trial, we again reverse the judgment of the trial court.

In his second enumeration of error, defendant contends the verdict of the jury was excessive and not supported by the evidence. He asserts the trial court erred in overruling his motion for a new trial on this ground. Accordingly, we must examine the evidence presented on the issue of damages.

Plaintiff paid a total of about $80,000 to have the log home built. That sum included an amount paid directly to the manufacturer of the log home kit. She moved into the home in November 1978. In short order, it became apparent that construction had been faulty. Water "poured" into the home when it rained; the floors were warped; door frames were out of plumb; "non-load bearing" walls became "load bearing" walls.

There was evidence that it would cost between $35,000 and $36,000 to redo the interior of the home. But plaintiff's experts agreed that it would be best to "start over." In their opinion, the home, as built, was worth $9,200 and it would cost $81,093 to rebuild the house

from the ground up. Defendant's expert opined that the home, as built, was worth $64,880.

The parties argue about the proper measure of damages in this case. Plaintiff contends the proper measure of damages is the cost of repair or restoration. Defendant asserts the cost of restoration is unreasonable and that, therefore, the proper measure of damages is the diminution in the market value of the property. See generally Cobb & Eldridge, Ga. Law of Damages (2d ed.), § 33-2. Assuming, arguendo, that plaintiff is correct, we conclude, nevertheless, that the jury's verdict was excessive: even the cost of rebuilding the house, $81,000, is a far cry from the $130,000 verdict which the jury returned.

Plaintiff contends the verdict was appropriate in view of the fact (1) that plaintiff also incurred personal property damages and (2) the jury was instructed that it could increase the verdict by the addition of legal interest. See in this connection OCGA § 13-6-13 and *Western & Atlantic R. Co. v. Brown*, 102 Ga. 13, 14 (1) (29 SE 130). In our view, these factors offer no explanation for the jury's verdict.

Plaintiff's personal property was not damaged extensively. She testified that as a result of water leaks, her furniture was damaged to the tune of $1,000. She also averred that the cost of repairing damaged carpeting would be $950. Thus, we find total damages to plaintiff's personalty to be less than $2,000.

Plaintiff's theory that the verdict reflects the addition of legal interest for nearly a five-year period is not plausible. The jury did not specify that any portion of the verdict consisted of interest. Thus, if as defendant contends, the verdict is an aggregate sum of principal and interest, it is defective on its face. See *Bentley v. Phillips*, 171 Ga. 866, 867 (5) (156 SE 898). More importantly, a mathematical computation demonstrates that the jury's verdict bears no relation to the addition of legal interest. See OCGA § 7-4-2. In fact, we can in no way determine how the jury arrived at its $130,000 figure. Compare *Parnell v. A. W. Muse Co.*, 56 Ga. App. 213, 214 (4) (192 SE 556).

If damages are of a sort susceptible of proof, compensation is not to be awarded in the discretion of the jury. *Linder v. Brown*, 137 Ga. 352, 353 (7) (73 SE 734). Rather, the amount of damages found by the jury must be authorized by the evidence. Error occurs where the evidence does not support the award of damages.

Where the jury finds damages in an amount which exceeds that which is authorized by the evidence it is not necessary to grant a new trial if the erroneous amount can be accurately measured and deducted from the verdict. *Seaboard Air-Line R. v. Bishop*, 132 Ga. 71 (1) (63 SE 1103). Where, on the other hand, an amount to be written off cannot be determined, a reversal is in order because the error cannot be cured. *Lazenby v. Ware*, 178 Ga. 463, 464 (173 SE 86).

In the case sub judice, we are incapable of determining which ele-

ments made up the jury's verdict: total restoration costs, partial repair costs, the value of the home as built by defendant, personal property damages, interest. We find that an accurate re-shaping of the jury's verdict cannot be accomplished based on the record before this court. It follows that the judgment of the trial court overruling defendant's motion for a new trial must be reversed.

*Judgment reversed. Banke, C. J., and Benham, J., concur.*

DECIDED SEPTEMBER 11, 1986 —
REHEARING DENIED OCTOBER 14, 1986

*Warren D. Evans, Thomas R. Burnside, Jr.*, for appellant.
*John B. Long, Regnald Maxwell, Jr.*, for appellee.