76710. CLEAVELAND et al. v. ALFORD et al.
(373 SE2d 853)

DEEN, Presiding Judge.

The executrix of the estate of Robert W. Cleaveland, Sr., and Robert W. Cleaveland, Jr., appeal from a judgment entered on a jury verdict in favor of the Alford Brothers in the amount of $9,000 ($5,000 rental value of personal property wrongfully withheld, $1,000 punitive damages, and $3,000 attorney fees). After reviewing appellants' motion for a new trial, the trial judge put appellees to an election: they accept either the grant of a new trial or write off the award of punitive damages. Appellees elected to write off the punitive damages.

1. Under OCGA § 9-12-8: "If a part of a verdict is legal and a part illegal, the court will construe the verdict and order it amended by entering a remittitur as to that part which is illegal and giving judgment for the balance." Appellants based their motion for a new trial on the premise that punitive damages may be recovered only against a living person and not against the representative of a deceased person. *Morris v. Duncan*, 126 Ga. 467 (54 SE 1045) (1906). The trial court therefore correctly put the appellees to an election. Any error in the jury charge on punitive damages and any prejudice to appellants was corrected by the ruling of the court below on the

motion for a new trial.

2. The evidence showed that the Alford brothers stored certain musical instruments and lighting equipment in a building which was sold to Robert W. Cleaveland, Sr., and his son. When the brothers asked for the return of their equipment, their request was refused and they were forced to file suit. On appeal, appellants contend that the trial court erred in permitting the issue of value, or rental cost, or worth of the instruments and equipment to be submitted to the jury, as the Alfords did not establish sufficient facts upon which a jury could base a determination of value, or rental cost, or worth.

The appellees presented evidence through the testimony of Paul Patten, an audio-video engineer and former retailer of musical equipment, who testified that he had personal knowledge of the equipment and as to the rental value of such equipment. The appellees offered no evidence to refute this witness's assessment of the rental value of the instruments and related equipment.

A witness may testify as to the value of an item if he has some knowledge, experience or familiarity with the property in question or similar property. *Ricker v. Hopkins Chevrolet*, 147 Ga. App. 358 (248 SE2d 720) (1978). Patten's testimony that he had personal recollection of the items in question and that he had sold and rented similar items for approximately ten years laid the requisite foundation for the reasons he formed his opinion as to value. *Toney v. Johns*, 153 Ga. App. 880 (267 SE2d 298) (1980). Opinion evidence is for the jurors' benefit, and they can take into account the witness's knowledge or lack thereof of the facts about which he testifies. "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their own knowledge and ideas. [Cit.]. After a witness has given [his] basis for opinion evidence as to value it is up to the jury to determine its weight." *Toney*, at 882. We find no error.

*Judgment affirmed. Carley and Sognier, JJ., concur.*

DECIDED OCTOBER 4, 1988.

*Hoke J. Thomas, Jr.*, for appellants.
*J. Wayne Hadden, Sandra L. Heath*, for appellees.