## A89A1739. LAKE LANIER COTTAGE OWNERS ASSOCIATION, INC. et al. v. BMS ENTERPRISES, INC. et al.

(392 SE2d 312)

POPE, Judge.

Appellant Lake Lanier Cottage Owners Association, Inc. (the Association) appeals that portion of a judgment entered against it pursuant to a jury verdict that awarded appellee BMS Enterprises, Inc. (BMS) $196,000 for the use of amenities owned by BMS at a development at Lake Lanier Islands. The Association sued BMS and its sole shareholder, Edwin L. Jackson, for an accounting, an injunction and a declaration of the property rights between the parties. BMS counterclaimed for breach of contract, tortious interference with contract, negligent mismanagement and an accounting.

For purposes of this appeal, we need only to sketch the background as presented by the evidence below. Essentially, BMS acquired and developed an interest in property on Lake Lanier Islands. In the development plan, BMS sold, as securities to individual investors, interests in cottages built on the property. The investor got the right to use his or her cottage for two weeks each year, but more importantly agreed to make the cottage available for rental for the rest of the year. At issue below was the effect of the declarations and covenants running with the property. In the development scheme, each cottage owner was required to join the Association which was charged with running the resort rental program. However, BMS retained ownership of the common areas and resort amenities, such as the conference center and pool, tennis courts and roads. After changing management companies for the development, the Association became aware that BMS was being paid eight percent of the gross revenues from the rental program as rent for the amenities. Although the Association paid the fees for a period of time, it concluded that it was not liable for such rent and ceased payment. In its counterclaim, BMS alleged that there was a contract between the parties for payment of the amenities. In a bifurcated proceeding, the trial court found that the Association had no property interest in the amenities and the jury found that there was no enforceable contract between the Association and BMS for the payment of eight percent of the gross revenues for use of the amenities. However, the jury further found that the Association had used the amenities owned by BMS and awarded it $196,000 in damages. The Association argues on appeal that the verdict is inconsistent and raises an issue not formed by the pleadings or the evidence: that is, the value of the amenities. *Held:*

We affirm. Although the Association argues that it never consented, expressly or by implication, to an amendment of the pleadings, and that the only issue before the jury was whether the Association had contracted to pay BMS for use of the amenities, the evidence

in the record shows otherwise. The court charged the jury, without objection from the Association, "Where one enters into possession of property as a tenant and no amount of compensation is agreed upon, the law implies an undertaking to pay a reasonable amount as rent." The evidence at trial was sufficient to show that the Association used and benefitted from the property owned by BMS. There was evidence that the Association first paid the amount claimed by BMS, but then ceased payment based upon its belief that it owned the amenities, not that it disputed the reasonableness of the rent charged. BMS presented evidence of the gross revenues of the development for the years in question and testimony by Jackson that the eight percent figure was fair and what was agreed upon. Further, we note that BMS filed its request to charge on the issue of the implied rental amount at the beginning of the trial and therefore the Association had notice of the issue.

Although the Association attempts to distinguish *Thompson v. Frost*, 125 Ga. App. 753 (3) (188 SE2d 905) (1972), we find it persuasive here. In *Thompson*, plaintiffs alleged an oral contract with the defendant by which they agreed to purchase certain land and to erect a gas station on it to be operated by defendant. The verdict returned by the jury awarded plaintiffs a sum based not on the contract, but on the theory of quantum meruit, an issue not raised by the pleadings. The court applied the Code section of the Civil Practice Act, codified now as OCGA § 9-11-15 (b), that allows amendments to the pleadings to conform to the evidence at trial, and found that the parties had impliedly consented to submit the issue of quantum meruit to the jury. As stated above, we cannot agree with the Association that it did not consent by implication to the trial of the issue of implied rent in this case.

Nor can we agree that the verdict and judgment are improper because BMS did not specifically ask for that relief. We need only point to BMS's request in its pleadings that it sought "such other and further relief as [is] proper," coupled with our analysis above, to conclude that the trial court did not err in entering judgment on the verdict.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1990.

*Hyatt & Rhoads, James B. Rhoads, Kathy S. Kraft*, for appellants.

*William D. Smith*, for appellees.