A90A1306. BWP, INC. v. WOODSON.
(397 SE2d 43)

DEEN, Presiding Judge.

The appellee, James Woodson, left his car with the appellant for brake repairs, at an estimated cost of $485. The appellant subsequently called Woodson and informed him that the car needed additional repairs, which increased the total repair bill to $1,094.16; Woodson assented to the extra repair, but he claimed that he had understood the mechanic's statement that the cost of the additional repair would be "five hundred and some odd dollars" to refer to the total repair bill. When Woodson picked up his car, he paid $500 cash and wrote a post-dated check for $594.16; however, he later stopped payment on the check.

The appellant commenced this action seeking to recover the $594.16, and Woodson counterclaimed, seeking damages for fraud. The jury awarded the appellant $94.16 damages, and awarded Woodson $1,000 damages, $10,000 punitive damages, and $5,035.25 attorney fees. In ruling on the appellant's motion for new trial, the trial court noted that since Woodson received the benefit of the car repairs, his only actual damage sustained was a fifteen-dollar charge for stopping payment on the check. Pursuant to OCGA § 51-12-12 (b),

the trial court then granted the appellant's motion for new trial as to damages only, provided that (1) the appellant offer to pay actual damages reduced to $15, and punitive damages reduced to $5,000, plus $5,035.25 attorney fees less $94.16 damages to the plaintiff, and (2) the defendant reject that offer. The jury's verdict was otherwise unchanged. The trial court denied the appellant's motion for new trial upon the appellant's refusal to offer payment of damages as reduced by the court. The appellant found the trial court's resolution unsatisfactory, and this appeal resulted.

OCGA § 51-12-12 (b) provides that "[i]f the jury's award of damages is clearly so inadequate or so excessive as to any party as to be inconsistent with the preponderance of the evidence, the trial court may order a new trial as to damages only, as to any or all parties, or may condition the grant of such a new trial upon any party's refusal to accept an amount determined by the trial court." The trial court's conditioned grant of the appellant's motion for new trial clearly was authorized by OCGA § 51-12-12 (b), and we find no abuse of discretion in the amount of damages set by the trial court. Compare *Story v. Monteith*, 176 Ga. App. 853 (338 SE2d 32) (1985), decided before the enactment of OCGA § 51-12-12 (b), wherein this court found an abuse of discretion in the trial court's denial of a motion for new trial, despite its finding the verdict inconsistent with the preponderance of the evidence.

*Judgment affirmed. Pope and Beasley, JJ., concur.*

DECIDED SEPTEMBER 4, 1990.

*Crecelius & Crecelius, Billy W. Crecelius, Jr.*, for appellant.
*Howard, Secret & Howard, James W. Howard*, for appellee.