A96A0531. OUTDOOR SYSTEMS, INC. v. WOODSON.
(473 SE2d 204)

Judge Harold R. Banke.

Floyd Woodson filed an ejectment action against Outdoor Systems, Inc. Outdoor Systems based its defense on a lease it claimed gave it the right to maintain a billboard on Woodson's property. A Fulton County jury found in Woodson's favor, ordered Outdoor Systems to remove its billboard from the property, and awarded him damages of $100 for each month the company's sign had remained on the property. The trial court entered judgment on that verdict, and Outdoor Systems appealed to the Supreme Court. Finding the case did not involve title to land, the Supreme Court transferred the matter to this Court. *Held*:

1. The trial court did not err when it denied Outdoor Systems' motion for directed verdict in which the company contended Woodson failed to establish his title to the property. A directed verdict is proper only "[i]f there is no conflict in the evidence as to any material issue and the evidence introduced, with all reasonable deductions therefrom, shall demand a particular verdict. . . ." OCGA § 9-11-50 (a). "In considering the motion, the court must view the evidence in the light most favorable to the party who secured the jury verdict." *Roseberry v. Brooks, M.D.*, 218 Ga. App. 202, 206 (1) (461 SE2d 262) (1995). The standard for directed verdict and judgment n.o.v. are identical. *Stone v. Allen*, 201 Ga. App. 842 (1) (412 SE2d 605) (1991).

Woodson presented sufficient evidence of his ownership of the property to create an issue for the jury; he testified he owned the property by virtue of a warranty deed and called Outdoor Systems to remove the sign the same day he purchased it. Outdoor Systems did not object to this testimony. "Although [Woodson's] deed may have been the best evidence of his ownership of the real estate in question[,] we cannot disregard the fact that [Woodson's] testimony as to ownership, admitted without objection, is some evidence of his own-

ership sufficient to satisfy our any evidence requirement and thereby bar a directed verdict for [Outdoor Systems] based on this issue. [Cit.]" *Herston v. Locke*, 160 Ga. App. 120 (286 SE2d 349) (1981).

Outdoor Systems' argument that Woodson did not adequately show his ownership of the property because he did not show "good record title for a period of 40 years," pursuant to OCGA § 44-2-22, is completely without merit. That statute, far from providing the sole means by which a party may prove ownership of land, merely supplies an evidentiary "shortcut" to proving ownership of land when two parties make adverse claims to it. See, e.g., *Goodyear v. Trust Co. Bank*, 247 Ga. 281, 285 (3) (276 SE2d 30) (1981) (statute provides a presumption of ownership); *Shippen v. Cloer*, 213 Ga. 172, 174 (3) (97 SE2d 563) (1957) (statute prevents a party from having to trace ownership back to original land grant from sovereign).

2. (a) Outdoor Systems was not entitled to a directed verdict on the question of damages, as Woodson did introduce some evidence on this issue. The parties stipulated that Outdoor Systems had offered Woodson $50 per month in rent, which he refused. This evidence gave the jury a sufficient basis on which to calculate an award of rent. "Questions of value are peculiarly for the determination of the jury, where there is any data in the evidence upon which the jury may legitimately exercise their own knowledge and ideas." (Citations and punctuation omitted.) *Cleaveland v. Alford*, 188 Ga. App. 690, 691 (2) (373 SE2d 853) (1988).

Outdoor Systems was not entitled to a directed verdict on the basis that Woodson made no specific plea for damages in his complaint. As the company did not base its motion on that ground, it is waived. See *Grabowski v. Radiology Assoc.*, 181 Ga. App. 298, 299 (2) (352 SE2d 185) (1986). Furthermore, Outdoor Systems did not object on this basis when Woodson injected this claim into the trial, even though the verdict form allowed the jury to make this award. By failing to object, Outdoor Systems impliedly agreed to submit this issue to the jury. See OCGA § 9-11-15 (b); *Lake Lanier &c. Assn. v. BMS Enterprises.*, 194 Ga. App. 858, 859 (392 SE2d 312) (1990).

(b) The jury was not, however, entitled to award rent of $100 per month. "Where a party sues for specific damages he has the burden of showing the amount of loss claimed in such a way that the jury may calculate the amount of loss from the data furnished and will not be placed in a position where an allowance of the loss is based on guesswork. [Cit.]" *Studebaker Corp. v. Nail*, 82 Ga. App. 779, 785 (2) (62 SE2d 198) (1950). The only possible evidentiary basis for the jury's award was the amount the parties stipulated Outdoor Systems had offered. This award of double that amount clearly is not based on the evidence. See *Story v. Monteith*, 180 Ga. App. 517, 519-520 (349 SE2d 760) (1986), in which we similarly determined the amount of

damages to be unauthorized by the evidence.

Because the jury's award of $100 per month in rent is excessive, this error requires reversal for a new trial on the issue of damages only. See *Cowart v. Strickland*, 149 Ga. 397, 400 (100 SE 447) (1919) (court may grant new trial on issue of mesne profits only). "Where the jury finds damages in an amount which exceeds that which is authorized by the evidence[,] it is not necessary to grant a new trial if the erroneous amount can be accurately measured and deducted from the verdict. [Cit.] Where, on the other hand, an amount to be written off cannot be determined, a reversal is in order because the error cannot be cured. [Cit.]" *Story*, 180 Ga. App. at 519. Although the offer of $50 per month was the only rental value offered into evidence, the testimony also shows Woodson rejected that offer. Under these circumstances, as in *Story*, we cannot adequately reshape the verdict based on the record before us because the appropriate amount of damages is uncertain. We leave that determination to a jury.

3. In its next enumeration of error, Outdoor Systems argues the trial court erred by failing to limit Woodson's claim for damages to those incurred between the date he purchased the property (April 15, 1993) and the date he filed suit (October 19, 1993). This enumeration, apparently based on an interpretation of OCGA § 51-9-6, has no merit. That statute, which does not apply here, limits claims for damages in cases of continuous trespass to those incurred before suit is filed because *subsequent damages give rise to a new cause of action*. But the ejectment statute, OCGA § 44-11-7, bars any separate suit for rents and profits flowing from the defendant's possession of the property. Thus, "in an action of ejectment, mesne profits may be recovered up to the time of the final judgment. . . ." *Lankford v. Dockery*, 85 Ga. App. 86, 94 (5) (67 SE2d 800) (1951); see *Brown v. Tyson*, 150 Ga. 598 (104 SE 420) (1919) (plaintiff can amend petition after verdict to seek mesne profits accruing after the verdict).

4. Outdoor Systems complains of the trial court's failure to admit into evidence a lease allegedly entered into between a company whose assets it purchased and the wife of the person from whom Woodson purchased this property. The trial court appears to have excluded this document for one or both of two reasons: 1) because Outdoor Systems could not show its relevance, in that the company could not show this lease bound Woodson and Outdoor Systems; and/or 2) because Outdoor Systems could not lay a proper foundation to admit what would otherwise be hearsay. Unfortunately, Outdoor Systems failed to include in the record a copy of this lease and failed to read its contents into the transcript. Neither has it complained of the court's failure to admit other documents which it contends provided an evidentiary foundation for admitting the lease. "[Outdoor Sys-

tems] is required to show harm as well as error to prevail on appeal [cit.], and this [it] must show by the record as harm cannot be established by unsupported assertions contained in . . . briefs. [Cit.] The record in this case reflects that [Outdoor Systems] made no proffer as to the contents of the [lease]. . . . Further, . . . no attempt was made to identify [its] contents for [the] record and subsequent appellate purposes. Under these circumstances, [Outdoor Systems] has failed to show harm. . . ." *Hertz Corp. v. McCray*, 198 Ga. App. 484, 486 (2) (402 SE2d 298) (1991); see also *Harwell v. Harwell*, 248 Ga. 578, 579 (2) (285 SE2d 12) (1981).

5. Finally, Outdoor Systems alleges the trial court should have charged the jury on the "law of dispossession" rather than the law of ejectment. Its enumeration appears based on the Supreme Court's order denying its motion for discretionary appeal, in which the Court found this action based on a claim to possession and not on a claim to title. *Outdoor Systems v. Woodson*, Case No. S95D1529 (decided July 14, 1995). This enumeration has no merit.

Woodson denied Outdoor Systems had any right to possess the property. He based his complaint in ejectment, seeking possession of his property from a party he contended wrongfully held it. These allegations state a cause of action for ejectment. See *Ingold, Inc. v. Adair*, 247 Ga. 155, 156 (274 SE2d 560) (1981). Outdoor Systems made no exceptions to the trial court's jury charges regarding ejectment. In fact, its counsel specifically requested two such charges the court gave: "I charge you that the plaintiff seeking ejectment must recover on the strength of his own title, and not the weakness of the defendant's title," and "I charge you that in the event you find that the plaintiff has failed to establish facts showing good record title, then the plaintiff is not entitled to relief of ejectment which he seeks." Because its counsel requested the court to charge this law, Outdoor Systems cannot complain of an error it invited even assuming that error might otherwise be harmful as a matter of law. *Bailey v. State*, 203 Ga. App. 133, 138 (4) (416 SE2d 151) (1992); *Edwards v. State*, 235 Ga. 603, 604 (2) (221 SE2d 28) (1975).

*Judgment affirmed in part, vacated in part, and remanded with direction. McMurray, P. J., and Ruffin, J., concur.*

DECIDED JUNE 27, 1996.

*Schreeder, Wheeler & Flint, Scott W. Peters*, for appellant.
*Bruce F. Morriss, Daniel Shim*, for appellee.